## Hughes Lumber Company v. Knuckles, et al.

(Decided January 26, 1916.)

### Appeal from Clay Circuit Court.

1. New Trial—Newly Discovered Evidence.—A new trial will not be granted after the term at which a judgment is entered upon the ground of newly discovered evidence, unless that evidence be of an unerring and convincing character, and good reason is shown why it was not produced upon the trial.

2. New Trial—Newly Discovered Evidence.—Where the nature of the newly discovered evidence is such that it might have been produced on the trial by a mere physical inspection of certain lands, and such inspection was not made although opportunity was given, proper diligence was not exercised.

W. W. RAWLINGS and D. K. RAWLINGS for appellant.

H. C. FAULKNER, H. F. FARMER, A. B. HAMILTON, JAMES H. JEFFRIES and PATTERSON & INGRAM for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

In January, 1904, appellant, J. D. Hughes Lumber Company, entered into a written contract with the appellees by which it agreed to buy from them five to ten thousand logs of certain kinds and dimensions at specified prices, to be delivered and measured at a certain point on Red Bird Creek in Clay county.

After this contract was entered into appellees proceeded to purchase oxen, wagons, and other necessary things to carry out the contract, hired men, and made all necessary preparations to get out the logs contracted for. They proceeded with the work, and by October of that year had two thousand or more logs, which they claimed were of the kind prescribed by the contract, at or near the place of delivery. They notified Carnahan, the agent, and one of the officers of appellant company of this fact, and asked him to inspect and measure the logs, or have it done, according to the terms of the contract. Finally on the 13th of December, 1904, Carnahan wrote them a letter notifying them that he had information that at the time of entering into the contract they did not have the required virgin forest from which to take the logs, which by mistake had been left out of the contract, and declined to measure the logs.

The whole operation was then abandoned by the appellees, and in January, 1907, they instituted their action in the Clay circuit court, asking for damages for breach of the contract as it was originally made. In that action the defendant answered alleging that by mistake there had been left out of the contract the provision that the logs contracted for were to be cut from virgin forest. The cause was transferred to the equity docket on this issue, and the circuit court entered a judgment reforming the contract as claimed by appellant, and upon an appeal to this court that judgment was affirmed. Knuckles v. Hughes Lbr. Co., 116 S. W., 1193.

Thereafter in the circuit court the cause was again transferred to the ordinary docket, and, after an amendment of the pleadings conforming to the contract as reformed, a trial was had upon the issues and a verdict and judgment given to the appellees for $5,000.00 in damages. From that judgment an appeal was also taken to this court and it likewise was affirmed. Hughes Lbr. Company v. Knuckles, 146 Ky., 472.

While the last named appeal was pending in this court appellant brought this action for a new trial, alleging in substance that the judgment for $5,000.00 was procured by fraud and by collusion between the appellees and certain of their witnesses by which they testified falsely that appellee had sufficient virgin forest from which to take the timber to comply with the terms of the contract of 1904. The circuit court dismissed its petition and this appeal results.

The main issue upon the trial of the action for damages was whether the plaintiffs therein had acquired the timber, or the right to cut the timber from sufficient virgin forest, with which to comply with their contract, it being the contention of the defendant therein that they had falsely represented that certain tracts of lands upon which they owned the timber were virgin forests, and that the timber had never been taken therefrom. An inspection of the opinion in 146 Ky. referred to will dis close that this was the chief issue between the parties.

The issue in the present case is substantially the same as it was on the former trial; a great mass of testimony has been taken dealing with the timber on a number of different tracts, and there is evidence tending to show that the plaintiffs in the former action and some of their witnesses probably exaggerated the acreage of

the virgin timber which they controlled, but as a whole these exaggerations appear to have been nothing more than mistakes in their estimates.

In our view of this case, however, it is unnecessary to go into the details of this great mass of testimony, or point out the difference between the evidence on this issue upon the first trial and in this case. For the fact is patent that as early as December, 1904, the Hughes Lumber Company declined to comply with the terms of this contract for the reason that it did not believe the plaintiffs had the virgin timber with which to carry it out, and although one of their officers and managers was at the time a resident of Clay county where he could have easily ascertained long before the trial in 1910 when the verdict was rendered, all the facts which it is now relying upon for a new trial, the evidence was not produced.

New trials are not favored in law, and the clearest and most convincing reasons must ordinarily be shown before the court will grant them after the term has expired; not only must the newly discovered evidence be of an unerring and convincing character, but he must also show some good reason why that evidence was not produced upon the former trial.

Under the provisions of our Civil Code, section 340, new trials are granted upon the ground of newly discovered evidence only when the evidence is material and when the party applying could not with reasonable diligence have produced the same at the former trial.

In this case no satisfactory reason is given or assigned why appellant's agent, a resident of Clay county, living only a short distance from the territory where the parties claimed to have had the virgin forest, did not go and find for himself long before the trial in 1910 the very things which it is now relying upon as grounds for a new trial. Where the nature of the newly discovered evidence is such that it might have been produced on the original trial by a mere physical inspection of the premises, and such inspection was not made, although opportunity was given, there can be no new trial granted, for it is manifest the proper diligence was not exercised.

The law encourages a speedy disposition of all controversies in the courts and distinctly discourages the granting of new trials upon the ground of newly dis-

covered evidence when it appears that the evidence has not been produced upon the first trial because of the negligence, carelessness or oversight of the litigant.

As said by this court in the case of Cahill v. Mullins, 31 K. L. R., 73:

"When a party seeks a new trial on the ground of newly discovered evidence, 'which he could not with reasonable diligence have discovered and produced at the trial,' he must state fully the facts, disclosing the diligence used, and make it clear that by the exercise of reasonable diligence he could not have discovered and produced the evidence on the trial."

It is better that there should be a miscarriage of justice occasionally than that litigation should be made interminable because of the granting of new trials for trivial causes.

We do not mean, however, to say that upon the merits of this controversy the facts justify the granting of a new trial, but only to say that if they did, no good reason has been shown why the evidence was not produced at the former trial.

Judgment affirmed.