### Brandon, et al. v. Butler.

(Decided December 15, 1925.)

### Appeal from Monroe Circuit Court.

1. New Trial—Parties Relying on Certified Copy of Land Patent as Correct Entitled to New Trial, where Judgment Rendered on Copy in Fact Incorrect.—A party is not guilty of want of diligence in failing to examine original records to see whether certified copy of land patent is correct, since parties and court are entitled to rely on certified copy of county auditor as correct, in view of Kentucky Statutes, sections 519, 519a, 4010, the auditor being custodian of records and empowered to make and certify copies of patents, and a party so relying is entitled to a new trial under Civil Code of Practice, section 518, where judgment is rendered on an incorrect certified copy.

2. Evidence—Certified Copy of Land Warrant Presumptive Evidence of Existence of Such Warrant.—In view of Kentucky Statutes, sections 519, 519a, 4010, a certified copy of a land warrant, entered on land warrant book of county clerk, is presumptive evidence of existence of such warrant.

B. F. DENHAM for appellants.

BASIL RICHARDSON and HEBRON LAWRENCE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Butler, sued appellant, Brandon, in the Monroe circuit court to recover for the value of some

trees cut from land claimed by Butler, and for judgment ejecting Brandon from a narrow strip of land upon which the timber stood, alleging he was the owner of the land and that Brandon was trespassing thereon and taking timber therefrom. Brandon answered and claimed the land from which the timber was taken, resting his title upon adverse possession for the statutory period, and relied also upon a plea of champerty. The whole controversy rested upon the proper location of a corner in the John Emberton patent, which depended in part upon the location of the old Frailey survey on which a patent was issued in 1819, and also in part upon the proper location of the Giddion Mayfield patent, which adjoins the lands in controversy. The Emberton patent, something more than one hundred years old at the time of the trial, was of record in the land department of the auditor's office at Frankfort, and had been from the time of its issuance. Appellee, Butler, obtained a certified copy of the patent from the auditor's office, and caused the land to be surveyed by it, and this paper was later filed as a part of the record. This certified copy of the patent, in part, reads:

"Beginning at Giddion Mayfield's northwest corner a poplar and hickory; thence with his line S. 27 W. 66 poles to a hickory, elm and white oak; thence N. 52 W. 60 poles to a white oak, hickory and poplar; thence N., . . . " etc.

The case was prepared upon the belief by both parties that the copy of the Emberton patent from which we have copied was correct, and the court rendered a judgment upon the assumption that the copy was correct, locating the line in part as contended by the plaintiff, Butler, appellee here. The judgment, both appellant and appellee agree, is correct if the copy of the patent on which the court relied is correct. After the judgment was entered appellants filed a petition under section 518, Civil Code, for new trial, alleging that shortly after the trial of the case they had discovered for the first time that the first call in the John Emberton patent, "Beginning at a poplar and hickory, Giddion Mayfield's N. W. corner, and running to a hickory, elm and white oak," was not "S. 27 W. 66 poles," but was "S. 27 W. 60 poles," a difference of six poles, and that the copy of the patent upon which appellants had relied and which appellees had produced at the trial to support their claim

of title, was incorrect, having been, through mistake or otherwise, made to read "66 poles" instead of "60 poles," thus taking from appellants, as they contend, a strip of land six poles wide, and giving it to appellee. The petition for new trial alleges all the foregoing facts, embodied the pleadings upon the first trial, and averred that the judgment rendered in the case of Butler v. Brandon is erroneous because of fraud committed by the defendant, Butler; that Butler, or some one for him "so changed the call thereof reading 'S. 27 W. 60 poles,' the true call of said patent, to S. 27 W. 66 poles." Further along in the petition it is averred, "Plaintiffs say they have lately procured a correct copy of the said John Emberton patent and have lately had a line of said patent run by Cap Harlan, to-wit: 'Beginning at Giddion Mayfield's N. W. corner, a poplar and hickory, thence with his line S. 27 W. 60 poles to a hickory, elm and white oak; thence N. 52 W. 60 poles to a hickory and poplar,' and by said survey thus made were the calls in the true patent," the land in controversy belongs to Brandon.

The petition then avers, "They (plaintiffs) did not know that the call thereof had been changed, that said call was S. 27 W. 60 poles" instead of "S. 27 W. 66 poles," and that the surveyor did not know that said calls had been changed when he made the survey and made his report and filed his plat of same; nor did they know when the proof in the case was taken that the call in said patent had been changed, nor when the court rendered judgment in the case that said call had been changed, but relied upon said patent as the correct boundary of the land embraced in said patent, and that their attorney did not know that said call had been changed at any time before the trial of the case and after judgment thereon, and that with ordinary diligence could not have known that said change had been made, because of its having been so skillful." A general demurrer was filed to the petition for new trial and sustained by the court, and when plaintiffs in petition for new trial declined to further plead, the court dismissed their cause, and they have appealed, bringing up both records. It is the contention of appellee, Butler, that the petition for new trial does not state a cause of action entitling the Brandons to new trial; that the averments of the petition do not show diligence on the part of the Brandons in the preparation of the case for the first trial, and no effort to learn the facts with respect to the true boundary of the Emberton pat-

ent, and to learn whether the copy of the patent presented by the Butlers as foundation of this claim had been truly and correctly copied from the records in the office of the auditor at Frankfort, and not having exercised diligence to ascertain the fact before the trial of the original case appellants are not now entitled to set aside the judgment and to open the case for another trial.

In appellee's brief, arguing that the petition does not aver facts showing diligence, this question is asked: "What facts are pleaded disclosing diligence? No reasonable diligence, as a conclusion, is plead, but it is stated that with ordinary diligence they could not have known that said change had been made, not directly stating that the ordinary diligence was used by plaintiffs. No facts having been plead, the only manner by which the court could arrive at the use of proper diligence was the opinion 'by ordinary diligence or with ordinary diligence they could not have known that said change had been made.'" Again it is said in the brief: "The grounds of newly discovered evidence being a document of public record and set out in said petition makes the pleading still less available as a petition for a new trial." Appellee then cites and relies upon the case of Howten v. Roberts, 20 R. 1331, 49 S. W. 340; Dumonts v. Des Moines Valley Railway Co., 131 U. S.; Denny v. Wickliffe, 1 Metcalfe 224; Hughes Lumber Co. v. Nuckols, 168 Ky. 99. The foregoing authorities do not reach the question we have before us, but have reference to cases where a deed or other recordable instrument has not been found on the books through lack of index or access to the records, the party after the trial discovering the recorded instrument. In the instant case appellee, Butler, presented a paper which purported to be a certified copy of the patent granted by the Commonwealth to John Emberton, covering the lands in question. The surveyor ran out the lands according to the copy of the patent and made his report pursuant thereto. Appellants were permitted to examine the patent, but seeing that it was certified as a correct copy, accepted it as such and relied upon it as being true and correct in its calls and descriptions of the land. The question, therefore, is, were appellants entitled under the facts of this case to rely upon the copy of the patent as correct, which appellee, Butler, presented and upon which he based his claim to the lands? We think they were, for the certificate of the auditor, attesting the paper as a correct copy of the original patent imported verity,

and bearing the certificate of a public official in charge of the records in the land office, was entitled to the respect and credence of all parties litigant as well as the court. Section 519, Kentucky Statutes, provides:

"Certified copies of all instruments legally recorded shall be *prima facie* evidence in all courts and tribunals of this state; and the instruments which have been or may be recorded shall be delivered to the party entitled to the same." See also section 519a; Helton v. Belcher, 114 Ky. 172; Browne, et al. v. White, et al., 153 Ky. 452.

Section 4010, Kentucky Statutes, relating to the duties and authority of the registers of land offices, says:

" 'A copy attest' shall be sufficient authentication of any record or paper in the land office, when signed by the register or his deputy."

A certified copy of a land warrant, entered upon the land warrant book in the county court clerk's office, is presumptive evidence of the existence of such warrant, and in the absence of proof to the contrary the presumption in favor of the warrant will prevail; and the mere failure of the county court clerk in a limited time to find the orders of the county court for a given term in 1843, is not sufficient proof to overcome the presumption. Stratton v. Syck, 182 Ky. 78, 206 S. W. 160.

It would be a strange rule, indeed, that would forbid parties litigant or even a court to rely upon the correctness of copies certified by public officials having charge of the original records, with power to make such certificates under official signature and seal. The auditor is the custodian of the records in the land office and is empowered to make copies of patents and other such documents in the office and to certify them under his proper signature and seal of office. This was done in the instant case, and we can perceive no reason why it was not entitled to full faith and credit by both appellants and appellee; and if it were entitled to such credit, then they are not guilty of want of diligence in failing to pursue the inquiry further by applying to the land office for a copy of the patent or by examination of the records of that office to see whether the certified and sealed copy which that office had furnished to appellee was true and correct. As the petition for new trial stated all the facts, including the alleged error in the copy of the patent, and

averred that appellants relied upon the copy of the patent as being true and correct, we are forced to the conclusion that it stated a cause of action in favor of appellants for new trial, and the learned judge was in error in sustaining a general demurrer thereto and in dismissing the petition for new trial.

We have not considered the case upon its merits nor are we now determining whether the copy of the John Emberton patent was incorrect, but simply hold that the averments of the petition for new trial were sufficient upon demurrer; all other questions are reserved.

Judgment reversed for proceedings consistent herewith.