## City of Paducah v. Paducah Traction Company.

(Decided February 1, 1916.)

### Appeal from McCracken Circuit Court.

1. Judgment—Collateral Attack.—A judgment of a court having jurisdiction of the parties and of the subject matter imports absolute verity and is not subject to collateral attack, but can only be avoided by a direct proceeding brought for that purpose.
2. Judgment—Collateral Attack—What Constitutes.—Any proceeding which has an independent purpose and contemplates other relief than the overthrowing of the judgment against which it is directed is a collateral attack.
3. Judgment—Suit for Taxes—Former Judgment—Bar.—Where, in a suit by a city against a railway company for taxes for certain years, the city recovers the taxes with interest, and the railway company recovers on its counterclaim for certain license taxes which it was compelled to pay through a mistake of law and fact, and judgment is rendered in favor of the city for the difference, the judgment is a bar to a subsequent suit for the same taxes.

JAMES CAMPBELL, JR., for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On April 23, 1910, the city of Paducah sued the Paducah Traction Company to recover certain franchise taxes alleged to be due for the years 1907, 1908 and 1909, aggregating the sum of $5,696.42. The company interposed a counter-claim for certain license taxes for the years 1901 to 1909, inclusive, aggregating the sum of $3,885.00, which, under a mistake of law and fact, it was compelled to and did pay to the city. The city then filed a reply denying that the amounts asserted in the counter-claim were paid as a license or privilege tax and alleging that they were paid under a contract between the city and the company, embodied in the franchise ordinance under which the company was operating. By another paragraph it pleaded the five year statute of limitations as to the amounts paid for the years 1901 to 1904, inclusive. Subsequently the reply was withdrawn and the case submitted. It was adjudged that the city recover the full amount of the franchise taxes sued for for the years 1907, 1908 and 1909, to-wit, $5,696.42, together with interest thereon amounting to $655.08. It was further adjudged that the city was indebted to the company on its counter-claim in the sum of $3,885.00, together with interest thereon amounting to $446.78. The difference between the recoveries awarded the city and the company amounted to $2,019.72. For this sum, with interest from date, judgment was rendered in favor of the city. The aforesaid judgment, which was entered on March 23, 1912, was never modified, set aside or appealed from, but is still in force.

On March 2, 1915, this suit was brought by the city against the traction company to recover the identical franchise taxes involved and for which it was given judgment in the aforesaid action. After setting out the assessment and levy and stating that the taxes were due and unpaid, the city, in another paragraph, alleged in substance that the aforesaid judgment rendered in the former action between plaintiff and defendant was null and void because it was the result of an unauthorized compromise between the officers of the city and the company. The company answered and pleaded the aforesaid judgment in bar of the city's right to recover. By its reply the city assailed the judgment on the same grounds relied on in its petition. The chancellor held the judgment a bar and dismissed the petition. The city appeals.

The city insists that the judgment below is opposed to the ruling of this court in the case of City of Louisville v. Louisville Railway Company, 111 Ky., 1, where it was held that neither the general council nor the city attorney of a city had the power to compromise a claim for taxes after the assessment had been made and the claim had come into the hands of the collecting officer. In that case the facts were these: The city sued the railway company for taxes due for a number of years. In addition to denying the levy and assessment of the taxes, the railway company pleaded a contract with the city to pay a license tax in lieu of all taxes. While the case was pending, a compromise was entered into by and between the company and the city assessor and the tax receiver, by which the city agreed to accept less than was due. The general council approved the settlement and ordered the suit dismissed. The suit was dismissed and no judgment on the merits of the case was rendered. Here the original suit by the city was for taxes due for the years 1907, 1908 and 1909. Judgment was rendered in its favor for the taxes actually sued for, together with the interest. Judgment was also rendered in favor of the company on its counter-claim. The city was adjudged a recovery for the difference. Thus there was a judgment on the merits by a court having jurisdiction of the parties and of the subject matter. That judgment is in full force and effect. The city now seeks in this action to recover the same taxes for precisely the same years for which it was given judgment in the action referred to. To sustain a recovery we would have to ignore the former judgment holding that the defendant's counter-claim was valid. It is well settled that a judgment of a court having jurisdiction of the parties and the subject matter imports absolute verity and cannot be collaterally attacked; the only way in which it may be avoided is by direct proceeding brought for the purpose of having it vacated. Bennett v. Tierney, 78 Ky., 580; Sublett v. Gardner, 144 Ky., 190. A collateral attack is any proceeding which has an independent purpose and contemplates some relief or result other than the overthrowing of the judgment, even though the overthrowing of the judgment may be necessary to accomplish this purpose. Duff v. Hagins, 146 Ky., 792, 23 Cyc., 1062; Luckett v. Gwathmey, Litt. Sel. Cas., 121; McLlvoy v. Speed, 4 Bibb., 85; Sorrell v. Samuels, 20 Ky. L. R., 1498;

Berry v. Foster, 22 Ky. L. R., 745. Here the independent purpose of the suit is to recover the taxes. As an incident thereto, it is alleged that the former judgment is void because it was the result of an unauthorized compromise. Clearly, this is a collateral attack on the judgment of a court having jurisdiction of the parties and of the subject matter and cannot be maintained. The former judgment is, therefore, a bar to any recovery in this case.

Judgment affirmed.