## Chappell, et al. v. Frick Company.

(Decided January 30, 1917.)

### Appeal from Leslie Circuit Court.

Judgment—Matters Concluded.—A judgment is conclusive not only of all defenses actually made, but of all defenses which might have been made to the action.

J. M. BICKNELL for appellants.

LEWIS & LEWIS and MILLER & WHEELER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Wilson Chappell executed to the Frick Company six promissory notes. To secure their payment he and his wife executed a mortgage covering certain personal property and a tract of land containing about 250 acres. The Frick Company brought suit against the Chappells to recover on the notes and to enforce the mortgage lien. The deed under which the Chappells held title contained the following provision: "The party of the second part is not to sell nor convey this land to any one, except the heirs of the party of the first part." As a defense to the action, the Chappells pleaded that the

mortgage was executed in violation of the foregoing provision of the deed and was, therefore, invalid. A demurrer was sustained to their answer and, upon their declining to plead further, personal judgment was rendered against both defendants and the land ordered sold for the purpose of paying the debt, interest and costs. On appeal by the Chappells the personal judgment against Mrs. Chappell was reversed. In other respects the judgment was affirmed. Chappell v. Frick Company, 166 Ky. 311, 179 S. W. 203. Upon the return of the case judgment was entered in accordance with the mandate of this court. On the same day Mrs. Chappell filed her affidavit and motion to correct the original judgment, on the ground that she was a joint owner of the property mortgaged and the mortgage covered only her husband's interest in the property and not her own. Being denied the relief prayed for, she appeals.

Mrs. Chappell presented her defenses in the original action. When a demurrer was sustained to her answer she declined to plead further. The defense now presented should have been presented then. Parties will not be permitted to defend by piecemeal. The former judgment was conclusive, not only of the defenses actually made, but of all defenses which Mrs. Chappell might have made to the action. It follows that the trial court did not err in refusing to amend the judgment. Jefferson, Noyes & Brown v. Western Nat. Bank, 144 Ky. 62, 138 S. W. 308; Wren v. Cooksey, et al., 156 Ky. 620, 159 S. W. 1167; C., N. O. & T. P. Ry. Co. v. McGuire, 169 Ky. 711, 185 S. W. 93.

Judgment affirmed.