## Asher, et al. v. Kentucky River Timber & Coal Company.

(Decided November 16, 1917.)

Appeal from Leslie Circuit Court.

1. New Trial—Newly Discovered Evidence.—When a party by petition seeks a new trial on the ground of newly discovered evidence, under Civil Code, section 344, which could not have been discovered and produced at the trial, the petition must fully state the facts disclosing the diligence used, and make it clear that by the exercise of reasonable diligence he could not have discovered and produced the evidence on the trial. The mere statement that he could not, with reasonable diligence, have discovered and produced the evidence is a conclusion of the pleader and insufficient. The facts upon which this conclusion is based must be set out so that the court may determine from them whether proper diligence was used.

2   New Trial—Newly Discovered Evidence—Pleading.—A petition is defective in its showing for a new trial which fails to allege that the newly discovered evidence would be decisive, or of such a preponderating character as to have a controlling effect upon another trial of the case.

3.   New Trial—Newly Discovered Evidence.—New trials are reluctantly granted, and when disputed matters have been fully litigated the courts will not reopen a case for the purpose of enabling a party to introduce new evidence, unless the reasons why it should be done are very strong, and it is made to appear with reasonable certainty that the party seeking the new trial was without fault and that injustice or wrong would result unless a new trial were granted.

C. W. HOSKINS for appellants.

CLEON K. CALVERT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

It appears from the record in this case that the Kentucky River Timber & Coal Company, appellee in the present appeal, brought in the Leslie circuit court in 1912 an action in equity against George W. Asher and others, appellants in the present appeal, to recover of the latter certain lands in Leslie county and quiet its title to same. On the trial of the case judgment went in favor of the appellee, declaring it the owner of the lands in controversy and quieting its title thereto. The land in controversy was claimed and recovered by appellee, plaintiff in that action, through the John H. Cheever 206,800-acre patent, No. 46701, issued in 1871. The appellants, George W. Asher, and others, defendants in that action, claimed, by reason of adverse possession, title to the land in controversy under a certain patent junior in date to the Cheever patent. The issues determined in that case were that the land in controversy claimed by appellee was covered by the Cheever patent, and that the adverse possession of the land claimed by appellants under the junior patent gave the latter no right to it. There seems to have been proof taken in the case by each of the parties, and from the judgment declaring appellee the owner of the land no appeal was ever prosecuted.

The present action, out of which this appeal arose, was instituted against appellee in the Leslie circuit court by the appellants, George W. Asher and others, for the purpose of obtaining a new trial in the former action upon the grounds allowed by section 344, Civil Code, it

being alleged in the petition that if given a new trial, they can produce evidence, discovered since the trial of the former action, which will prove that the Cheever patent under and by virtue of which appellee was adjudged the owner of the land in controversy does not cover or embrace it. Appellee filed a general demurrer to the petition, as amended, which the lower court sustained, and from the judgment manifesting that ruling this appeal is prosecuted.

Substantially, the only things set out in the petition by the appellants are the judgment rendered in the former case and the grounds for the new trial. The amended petition is confined to a mere statement of the pleadings in that case, and issues made. Nothing appears in either pleading from which any idea can be formed of the proof introduced by the parties upon those issues, nor is the record of the former action, or any part of it other than the judgment, set forth in or made a part of the record in this case. In the petition the following averments bearing upon the grounds urged for the new trial appear:

"They say that the defendant claimed title to and to be the owner of the tract of land in controversy, and which is fully set out and described in the pleadings and in the judgment hereinbefore set out, through and under the John H. Cheever 206,800-acre grant, No. 46701, surveyed May 4, 1871, Clay county. They say the defendant's contention on trial of this case in the said February term, 1915, was that the land in controversy was embraced in and covered by the said Cheever grant, No. 46701, that the evidence introduced by plaintiff in support of that contention was weak, indecisive, and of a doubtful nature, and not, as these plaintiffs think, sufficient to support the contention of the defendant on that point. . . . They say that they were vigilant in the preparation of their case for trial, and that the newly discovered evidence which is set out at length hereinafter and supported by affidavits, and which is relied upon by plaintiffs as ground for a new trial, was of such a nature that it could not have been discovered previously by the use of reasonable diligence."

As no appeal was taken from the judgment rendered in the former action and the evidence upon which it was based does not appear in the record of this appeal, we are unable to determine, if indeed it were proper for us to do so, whether it was sufficient to support the ver-

dict. At any rate, whether appellants are entitled to the new trial sought in the present action must be determined from the newly discovered evidence. In its absence, however, we must presume that the evidence heard on the trial of the first case was as convincing as the circuit court found it. But, laying aside this feature of the case, we think it clear that the averments of the petition quoted above amount to nothing more than mere conclusions of the pleaders; they rest upon no alleged ultimate facts which would warrant the conclusions. A simple statement in a pleading that evidence was weak and indecisive upon a formerly litigated point only states the construction which the pleaders place on the evidence and amounts to nothing but an expression of their opinion as to its weight. What has been said is also true of the allegations as to the diligence employed by appellants in seeking to discover the new evidence relied on. In this respect, the pleading goes no further than to allege that in the former action appellants were diligent, and that the alleged newly discovered evidence could not have been discovered by the exercise of reasonable diligence, for the former trial. The diligence exercised is not disclosed and no facts are stated to show such diligence. To say that the alleged newly discovered evidence could not have been ascertained prior to the former trial by the exercise of reasonable diligence, without showing the steps taken which constitute the diligence exercised, furnishes no light to guide the court in ascertaining what diligence, if any, was used. Such a pleading is necessarily bad on demurrer. Cooper v. McKee, 121 Ky. 187; Schooler v. Yancy, 133 Ky. 695; Jones v. Louisville Tobacco Warehouse Co., 135 Ky. 824; Higgins v. Gose, 144 Ky. 123; C. & O. Ry. Co. v. Collingsworth, 152 Ky. 197; Turner v. Hamlin, 152 Ky. 469; Angel v. Byars, 153 Ky. 208; Cahill v. Mullins, 101 S. W. 336. In Cahill v. Mullins, *supra,* we said:

"When a party seeks a new trial on the grounds of newly discovered evidence which he could not with reasonable diligence have discovered and produced at the trial, he must state fully the facts disclosing the diligence used, and make it clear that by the exercise of reasonable diligence he could not have discovered and produced the evidence on the trial. The mere statement that he could not with reasonable diligence have discovered and produced the evidence is not sufficient. The facts upon which this conclusion is based must be set out, so

that the court may determine from them whether proper diligence was used.''

If, as further alleged in the petition, the appellants at the time of the trial of the former case, were misinformed as to the location of the Cheever patent, such misinformation counts for nothing in their effort to obtain a new trial, as they do not allege that this misinformation came from the appellee. The allegations as to this matter are:

. ''They say that they were misinformed as to the correct location of the aforesaid Cheever grant in the preparation of their defense to this action, and on the trial thereof in that it was represented to them that the said Cheever grant would cover and embrace all the land in controversy; that at the time they had no knowledge that the said Cheever grant had ever been actually located on the ground by any surveyor or engineer; *and to have employed an engineer for the purpose of that trial alone would have necessitated the expenditure of an unreasonable amount of money owing to the vast extent of the boundary of land embraced in said survey, the unusual length of the lines thereof and the uncertainty of the location of the beginning corner, which is supposed to begin on top of the Kentucky ridge at a point thereon known as Foundation Gap, which, however, is several miles distance from the land in controversy; and therefore the correct location of the said Cheever grant was not directly in issue, nor investigated by the proof on the trial of this action.''*

These averments are not only mere conclusions, but they also admit: (1) That appellants knew on or before the former trial it was contended that the Cheever grant covered the land and that appellee was claiming it under the Cheever patent; (2) that if the Cheever patent did not cover the land they could have shown it, but for the fact that such showing would have involved the expenditure of what they regarded at the time as an unreasonable amount of money, but which since the trial they seem to regard as a negligible necessary expense, that should have been met by them before the trial; (3) that the beginning corner of the Cheever grant was on a well known ridge, in an equally well known gap thereof, which they were too indifferent or negligent to go to or find because of the great distance to be traversed in reaching it. Upon their own showing of the above facts it is patent that by the use of reasonable diligence or ordinary care the survey in question could have been located by appel-

lants prior to the trial of the former action. The further claim made in the petition that appellants can now show by a survey made by one Kelly the Cheever patent does not cover a part, if any, of the land in controversy, cannot avail them as it is not made to appear from the allegations of the petition that they could not have obtained this information from Kelly before the trial of the former case. It is true, they allege that they did not know at the time of the trial of the existence of this survey or of the whereabouts of Kelly, and that they could not by the exercise of reasonable diligence have dis covered the existence of the survey or the place of residence of Kelly, but these allegations, like those previously considered, are mere conclusions of the pleaders. Newman's Pleading and Practice, section 559.

The Cheever patent is admittedly of record in the land office at Frankfort, as are the plat and certificate of the survey upon which it was issued. They were, therefore, all the time accessible to appellant, and, presumptively, within their knowledge and reach. Yet there is no showing that they made any endeavor to see or examine these records. In view of this situation we think appellants are estopped to claim that they used reasonable diligence to produce on the trial of the former action the evidence with respect to the lines and corners of the Cheever patent, they say later came to their knowledge. Hughes Lumber Co. v. Knuckles, 168 Ky. 99; Carey v. Mire, 143 Ky. 63.

Finally, the petition is defective in its showing for a new trial, because of its failure to allege that the newly discovered evidence would be decisive, or of such a character as to have a controlling effect upon another trial of the case. Mercer v. Mercer's Admr., 87 Ky. 21; Price v. Thompson, 84 Ky. 220; I. C. R. R. Co. v. Colly, 86 S. W. 538; L. & N. R. R. Co. v. Ueltschi's Admr., 126 Ky. 556. In L. & N. R. R. Co. v. Ueltschi's Admr., *supra,* we said:

"New trials are reluctantly granted, and when disputed matters have been fully litigated, the courts will not reopen a case for the purpose of enabling a party to introduce new evidence, unless the reasons why it should be done are very strong, and it is made to appear with reasonable certainty that injustice or wrong would result unless the relief was granted and another opportunity allowed to relitigate the questions in issue. This court has frequently had before it applications for new

trials upon the ground of newly discovered evidence, and it has uniformly been held that a new trial will not be granted when the point upon which it is sought was in issue in the former trial, unless the discovered evidence be of such a permanent and unerring character as to preponderate greatly or have a decisive influence upon the evidence to be overturned by it.''

As the appellant's petition, as amended, wholly fails to show them entitled to the new trial sought, the ruling of the circuit court in sustaining appellee's general demurrer thereto was altogether proper.

Wherefore, the judgment is affirmed.