## Rountree v. Meadors, et al.

(Decided June 18, 1920.)

## Appeal from Whitley Circuit Court.

1. New Trial—Motion for New Trial.—The mere fact that opposing counsel and client had access to the papers in the case from which certain depositions were missing when the record was being copied for an appeal, is not sufficient to authorize the court in granting a new trial under section 518 of the Civil Code, no fraud being alleged or shown.

2. New Trial—Motion for Continuance.—If the record prepared by the circuit clerk was incomplete appellant should have moved this court to continue the case until such time as missing depositions could be supplied. Upon a proper showing, reasonable time will be granted for this purpose.

3. New Trial—Motion for New Trial.—In a petition for a new trial under section 518 of the Civil Code, where it is not alleged that any fraud was practiced by the successful party in obtaining the judgment, the rights of no one under disability are involved, and no unavoidable casualty or misfortune alleged, a demurrer to the petition was properly sustained.

4. New Trial—Motion for New Trial.—The acts complained of in a petition for a new trial having occurred subsequent to the rendition of a judgment, relief under section 518 of the Civil Code was not authorized.

STEPHENS & STEELY for appellant.

ROSE & POPE for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming

This appeal involves the sufficiency of a petition for a new trial filed in the court below by the appellant, and in which it was alleged that in November, 1914, plaintiff and her husband instituted an action against the defendant seeking a recission of a contract executed in July, 1914, and upon a trial of said action judgment was entered in favor of defendant; from said judgment an appeal was taken to this court, to perfect which a schedule was filed with the circuit clerk directing that he copy the entire record for transmission to the appellate court. The clerk copied the entire record with the exception of four depositions taken in rebuttal by defendant, and which depositions were before the court at the time it directed that a judgment be prepared. For the purpose of drafting the judgment the papers were taken to the office of defendants' counsel, since

which time it has been impossible to locate the depositions referred to. Defendants, as appellees on the former appeal, made a motion to dismiss said appeal because the record was incomplete. Appellants thereupon filed a motion to continue the case until such time as the depositions could be supplied, filing affidavits in support of the motion and asked for an original process from this court directing that the depositions be supplied for reasons set forth in the petition, but which we deem unnecessary to state. At the same time a notice was served of a motion to be made in the circuit court to reinstate the case upon the docket for the purpose of supplying said depositions. The circuit judge had been one of the attorneys for defendant, and being thus disqualified from passing upon that motion, a request was made of the Governor for the appointment of a special judge to hear same and try other cases in which the presiding judge had been interested. Three terms of the court were held before a special judge was appointed; in the meantime this court affirmed the judgment, in favor of defendant. Rountree v. Meadors, 183 Ky. 47, 209 S. W. 505. It was further alleged that a petition for rehearing was filed setting up the facts as stated in the petition for a new trial, but this was overruled; that defendant Meadors was present at the trial and had access to the papers, including the depositions aforesaid, and whether the depositions were misplaced by fraud or design, defendants and their counsel were responsible for same being missing from the record and the conduct of the defendant and her counsel was such as entitled plaintiff to an order setting aside the judgment and granting her a new trial. A demurrer was sustained to this petition, hence the present appeal.

We have been unable to find in the record on the former appeal wherein plaintiff made a motion to continue the case until such time as the depositions could be supplied, as alleged in the petition for a new trial. Plaintiff did make a motion "for all orders and processes necessary to supply certain rebuttal depositions which were lost or mislaid from the record," but this was overruled, first, because it asked no specific action by the court and was in reality not a motion, and second, because the record could be supplied only in the circuit court. The omission from the record of a por-

tion of the evidence necessitated an affirmance of the former appeal. Had plaintiff made the motion she evidently thought had been made doubtless a different result would have followed. Additional time within which to supply the record would probably have been given had it been requested, but the court acted upon the only motion made. While not stated in either the petition or the brief that this action was filed pursuant to the provisions of section 518 of the Civil Code, it is manifest that if the relief sought is grantable at all, authority therefor must be found in section 518 and kindred sections. We are convinced plaintiff has not stated a case cognizable under the provisions of said sections. There is no allegation of fraud, except inferentially; however, the only fraud justifying a modification or vacation of a judgment after the term is that practiced by the successful party in the obtainment of the judgment. Here the acts complained of took place at a time subsequent to the rendition of the judgment and therefore had the charge of fraud been direct the provisions of the sections, *supra,* would not apply. The appeal does not involve the rights of any person under disability; no unavoidable casualty or misfortune is alleged. Appellant does not claim to come under the provisions of said sections; the brief is but a re-argument of the grounds set forth in the petition for rehearing on the former appeal; the petition alleges the facts therein contained are the same as stated in the petition for rehearing. Not only is the opinion on the former appeal conclusive of the relief sought, but appellant has shown no ground entitling her to a new trial.

The lower court did not err in sustaining the demurrer to the petition. The judgment is affirmed.