## Holliday, et al. v. Cornett, Sheriff.

(Decided May 1, 1928.)

### Appeal from Perry Circuit Court.

1. Corporations.—Under Ky. Stats., sec. 561, providing corporation may continue to act after dissolution for purpose of closing its business and winding up its affairs, there is no limitation placed on time allowed for this purpose, but reasonable length of time is necessarily contemplated.

2. Judgment.—In suit to enjoin sheriff from exercising writ of possession issued in favor of corporation which showed on its face that it was issued pursuant to judgment and order of court of competent jurisdiction in suit between plaintiff and corporation in which corporation asserted its corporate existence, and in which title to property involved was adjudicated and determined in favor of corporation, held, that such judgment was res judicata as to all matters that were then determined or that could have been properly determined therein.

3. Judgment.—In suit to enjoin writ of possession issued in favor of corporation pursuant to judgment in former action in which corporate existence was alleged and ownership of land in question determined, held, that former judgment was res judicata as to these issues.

4. Injunction.—In suit to enjoin exercise of writ of possession in favor of corporation which was issued pursuant to former judgment brought against sheriff, held, that corporation in whose favor writ had been issued was necessary party.

MOORE & SMITH and WOOTTON & WOOTON for appellants.

MORGAN & EVERSOLE and P. T. WHEELER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The principal issues in this case were either joined or tendered in the former action of Tennis Coal Company et al. v. McCager Holliday, Martha Holliday, and Tolbert Holliday, in the Perry circuit court. In that action the Kentucky Coal Corporation and the Elkhorn Coal Corporation, as the only stockholders of the Tennis

Coal Company, joined it as parties plaintiff; and the plaintiff Tennis Coal Company recovered a judgment against the other parties above named, quieting its title to the land described in the action.

An appeal was taken from that judgment and affirmed by this court in an opinion reported in 215 Ky. 551, 286 S. W. 773. On a return of the case and the filing of the mandate, a number of motions were made in the lower court seeking to vacate the judgment. All of these were overruled and an order entered in favor of plaintiffs for a writ of possession. Such writ was issued on the 25th of February, 1928. It reads, omitting the caption:

"The Commonwealth of Kentucky to the Sheriff of Perry County—Greeting:

"Whereas, in the above-styled action a judgment was entered on July 26, 1925, in Order Book No. 13, page 38, adjudging plaintiff Tennis Coal Company to be the owner of the hereinafter decribed land, and

"Whereas, on October 4, 1926, an order was entered in Order Book No. 15, page 30, and on November 9, 1927, in Order Book No. 16, page 312, directing a writ of possession to issue in favor of the plaintiff Tennis Coal Company against the defendants McCager Holliday, Martha Holliday, and Tolbert Holliday for possession of the hereinafter described tract of land:

"You are therefore commanded in the name of the commonwealth of Kentucky, with the power of the county of Perry, if necessary, to dispossess the said McCager Holliday, Martha Holliday, Tolbert Holliday, their agents, tenants, and employees, and all persons claiming under them, and to put the plaintiff Tennis Coal Company immediately in possession of said premises, which are described as follows: . . . ."

Subsequently on the 3rd day of March, 1928, the Hollidays filed this action in equity against William Cornett, sheriff of Perry county alone seeking to enjoin him from executing the writ of possession, it being alleged as the basis of the proceeding that plaintiffs were the owners and in possession of the land in controversy; that the Tennis Coal Company had formerly existed as a

corporation, but, it had voluntarily liquidated, closed up its business, and ceased to function as a corporation on the 8th of February, 1917, after having first advertised the fact in the daily newspapers of its intended dissolution, and subsequently filing in the office of the secretary of state of the state of Kentucky a statement showing its dissolution. It was further alleged that it was not now in existence and could not now receive possession of the property mentioned, and that, therefore, the judgment and writ of possession issued in its favor were ineffective for any purpose and void.

A copy of the statement was filed with the petition and reads:

"Tennis Coal Company, Room No. 1406, No. 14 Wall Street, New York City.

"To the Secretary of State of the State of Kentucky, Frankfort, Kentucky:

"Pursuant to section 561, Kentucky Statutes, and by consent of the holders of more than a majority of the stock of the Tennis Coal Company, said Tennis Coal Company has closed up its business and wound up its affairs and dissolved as a corporation, notice thereof having been published in the Ashland Daily Independent, a newspaper published at Ashland, Ky., at which place the principal place of business of said company is located, once a week for four successive weeks prior to such dissolution: namely, on November 29 and December 6, 13, and 20, 1916, a certificate of the publication of such notice being hereto attached.

"February 8, 1917.

"C. W. Watson, President.
"J. W. M. Stewart, Secretary.    [Seal.]"

Special demurrer to this pleading for defect of parties and general demurrer were filed by the defendant who also filed answer setting up the facts transpiring in the other action above set out, with exhibits. The case was submitted upon the pleadings, and the court sustained both demurrers. Plaintiffs declining to plead further, the injunction was refused and their petition dismissed. They appeal.

The rigorous rules of the common law by which all rights and liabilities of a corporation cease upon its dissolution have long since been modified by statute in this

state; and now, even after dissolution, such corporation.... may continue to act for the purpose of closing its business and winding up its affairs. See section 561, Ky. Stats. The statute places no limitation on the time allowed for this purpose, but necessarily contemplates a reasonable length of time. In Ewald Iron Co. v. Commonwealth, 140 Ky. 692, 131 S. W. 774, it was held that two years were sufficient for the purposes of taxation. But, as pointed out in Young v. Fitch, 182 Ky. 29, 206 S. W. 29, that case has no application to the period in which the dissolved company may continue to act in settling its affairs, and it would seem that this must depend on the facts in the particular case. See Castle's Adm'r v. Acrogen Coal Co., 145 Ky. 591, 140 S. W. 1034; Smith v. Commonwealth Land & Lumber Co., 172 Ky. 607, 189 S. W. 912; Young v. Fitch, supra.

So much as has been said, supra, is practically conceded by appellants, but they insist that, taking the allegations of the petition as true, they are the owners of the property, and the Tennis Coal Company by its own declaration wound up and closed its business prior to February 8, 1917, and has been nonexistent since that time; that, not being sui juris, such assumed company could not be awarded a writ of possession, nor afforded relief thereby, nor made a party defendant in a lawsuit, hence it would be farcical to style it as such in the pleading; that this leaves the sheriff as the only one with whom they are raising an issue, and therefore the special demurrer should have been overruled. Also, for the same, reasons, appellants are admittedly the owners of the property and entitled to recover it, and therefore the general demurrer should have been overruled.

The above reasoning is ingenious, but it overlooks certain vital factors which enter into a consideration of this case. It must be noted that the primary purpose of the action is to annul and hold for naught the writ of possession which shows on its face that it was issued pursuant to the judgment and order of a court of competent jurisdiction in a suit between the appellants and the Tennis Coal Company in which the Tennis Coal Company asserted its corporate existence, and in which title to the property here involved was adjudicated and determined in favor of that company. And, under the rule obtaining in this jurisdiction, that judgment was conclusive upon the parties as to all matters that were then determined or that could have been properly determined

therein. Hopkins v. Jones, 193 Ky. 281, 235 S. W. 754; Continental Realty Co. v. Mowbray & Robinson, 187 Ky. 103, 218 S. W. 726; Johnson v. Carroll, 190 Ky. 691, 228 S. W. 412; City of Paducah v. Paducah Traction Co., 168 Ky. 200, 181 S. W. 1093; Ratliff v. Childers, 178 Ky. 106, 198 S. W. 718; Villier v. Watson's Adm'x, 168 Ky. 635, 182 S. W. 869, L. R. A. 1918A, 820; Alford v. Guffy (Ky.) 115 S. W. 216; Chappell v. Frick Co., 166 Ky. 311, 179 S. W. 203; and Chappell v. Frick Co., 173 Ky. 504, 191 S. W. 268.

As suggested above, plaintiff in the former action alleged (1) the corporate existence of the Tennis Coal Company; (2) its ownership of the land in question. The defendant joined issue as to the latter allegation, it not appearing whether they traversed the first allegation; but whether they did so or not, under the authorities above cited, the judgment of the court in favor of plaintiff was conclusive upon all of the parties to that action as to both propositions, and those questions cannot be relitigated in this action. It follows that the court properly sustained the general demurrer. Also, inasmuch as the plaintiffs admitted the land in question is the same as that described in the former judgment, and their reliance being on superior title, it necessarily follows that the Tennis Coal Company, plaintiff in the writ, was a necessary party, and for the reasons indicated above this plaintiff could not allege its nonexistence, hence the special demurrer was properly sustained.

Wherefore, perceiving no error, the judgment is affirmed.