## Holliday et al. v. Tennis Coal Company et al.

(Decided November 28, 1930.)

J. A. SMITH and J. M. MUNCY for appellants.

JESSE MORGAN and P. T. WHEELER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This is the third time this case has been before this court in one form or another. In 1921 the Tennis Coal

Company, now an appellee herein, brought suit against the present appellants to recover possession of a described tract of land. That action turned on who had the better title; the Tennis Coal Company basing its claim on the Colson Duff patent of 1850. The trial court upheld the title of the Tennis Coal Company, and its judgment was affirmed by this court. Holliday v. Tennis Coal Co., 215 Ky. 551, 286 S. W. 773. The mandate of this court was issued on September 28, 1926, and was filed in the Perry circuit court on October 4th of that year. A writ of possession was awarded the Tennis Coal Company, and was issued on that day. On October 6th following, the Hollidays moved the court to set aside the filing of the mandate of this court and the awarding of the writ of possession and also to set aside the judgment of January 26, 1925 (which had been appealed from and affirmed) on the ground that the judgment was void. This contention was based primarily on two grounds: (a) That the Tennis Coal Company had been dissolved prior to the institution by it of the suit, and hence, being defunct, could not prosecute the action; (b) that one of the defendant Hollidays had been throughout the litigation a lunatic confined in an asylum in Lexington, and had never been before the court by summons or otherwise. It will be noted, from a reading of the opinion in 215 Ky. 551, 286 S. W. 773, ground (a) had been relied upon in the appeal and disallowed. A demurrer was filed to this motion of the Hollidays. Their motion and the demurrer were not immediately passed upon. On May 20, 1927, the Hollidays filed a new suit against the present appellees, seeking a new trial in the action above set out on the ground of newly discovered evidence. They averred in substance that they had just discovered that the lands claimed by the Tennis Coal Company under the Duff patent were in fact included within the James Reynolds patent of 1786 issued by the state of Virginia, which, being true, rendered the Duff patent void. They further averred that as soon as they had made this discovery, they had brought this suit for a new trial.

The appellees, defendants to this suit for a new trial, filed a special demurrer to the petition seeking the new trial based on the ground that there was another action pending in the Perry circuit court between the same parties and seeking the same relief—that is, the vacating of the judgment of January 26, 1925. The appellees had reference by this statement of the special demurrer to

the motion of October 6, 1926. On the 9th of December, 1927, the Perry circuit court, which evidently considered the motion of October 6, 1926, and the special demurrer to the petition for a new trial at the same time, although we find no order in the record consolidating the two proceedings, entered an order and judgment first submitting the action for a new trial on the special demurrer to the petition, then sustaining that demurrer and then dismissing that suit, after all of which it secondly submitted the motion of October 6, 1926, on the demurrer thereto, sustained that demurrer, and then dismissed the motion. Another writ of possession was then directed to be issued.

This is a sufficient recital of the proceedings for the determination of the appeal now before us, but we may add that, when the writ of possession did issue, the Hollidays brought an injunction suit against the sheriff to enjoin its execution in which they were unsuccessful. Holliday et al. v. Cornett, Sheriff, 224 Ky. 356, 6 S. W. (2d) 497. This move of the Hollidays having proved to be abortive, they then appealed from so much of the order and judgment of December 9, 1927, as sustained the special demurrer to their petition for a new trial, and dismissed it, and that is the case we now have for determination.

It is very obvious that unless the ground relied upon by the Hollidays in their suit for a new trial could have been relied upon as one of the grounds for their motion of October 6, 1926, or after its discovery as a ground for an amendment to that motion which was then still pending, the special demurrer was improperly sustained, since, although the ultimate relief sought was the same, the bases therefor were different in the two cases and of such character that the latter could not be prosecuted in the same proceedings as that of the former. The petition seeking a new trial was based on the ground of newly discovered evidence which had been discovered after the term at which the judgment of January 26, 1925, had been rendered and become final. This being so, a new trial based on such ground and under such circumstances could be sought only in the mode pointed out in section 344 of the Civil Code of Practice, which provides:

"If grounds for a new trial be discovered after the term at which the verdict or decision is rendered, the application may be made by a petition filed with

the clerk not later than the second term after the discovery—on which a summons shall issue, as on other petitions, requiring the adverse party to appear and answer it on or before the first day of the next term. The application shall stand for hearing at the term to which the summons is returned executed, and shall be summarily decided by the court. The evidence may be either by depositions or by witnesses examined in court. But no such application shall be made more than three years after the final judgment was rendered; nor do the provisions of this section apply to divorce cases so far as the judg-- ment for divorce is concerned.''

In the case of Hocker v. Gentry, 3 Metc. 463, construing sections 369 and 373 of the then Civil Code of Practice, they being sections 340 and 344 of the present Civil Code of Practice, we said:

"The order made in September, 1858, directing the proceeds of the land purchased by Curran Gentry from Hamilton to be paid to Hocker after paying Hamilton's claim, was a final order, which, after the term, could not be vacated by the court below, except in the mode prescribed by sections 373, 580 or 581 of the Code, nor for any cause except one of those mentioned in section 369 or 579 of the Code.''

And in the case of Algee v. Algee, 168 Ky. 362, 182 S. W. 197, we said:

"The rule deducible from the authorities is as follows: Where defense is made and, after trial, a judgment is rendered on the merits, the court, after the expiration of the term at which the judgment is rendered, loses control of the judgment, except in actions brought pursuant to sections 344 and 518, Civil Code, unless the motion for a new trial, or to set aside the judgment, is made within the time prescribed by the statute.''

Since the relief sought by the petition for a new trial could on the ground asserted be obtained only in the mode pointed out in section 344 of the Civil Code of Practice, it follows that the motion of October 6, 1926, could not be effectively amended for that purpose. If

this be true, as it is, it inevitably follows that the pendency of the motion of October 6, 1926, could have no effect on the effort to obtain a new trial on the ground of newly discovered evidence by the suit filed for that purpose in May, 1927. Further, the "causes of action" were not the same. The motion of October 6, 1926, was based on the theory that the judgment of January 26, 1925, was void. It was a cause of action to set aside a void judgment. The suit of May 20, 1927, was based on the theory that, although the judgment of January 26, 1925, was a binding, existing decree, yet it was in fact erroneous. It was a cause of action to set aside an erroneous judgment. The two cases were entirely different. It is only where the causes of action are the same that the special demurrer will lie. See Louisville & Nashville Railroad Co. v. Ohio Valley Tie Co., 161 Ky. 212, 170 S. W. 633. Even if this be true, the appellees argue, however, that we must consider this case as though the trial court had consolidated the two proceedings below. But the order and judgment of the trial court not only fails to show such a consolidation, but by its terms utterly refutes such an idea. The action for a new trial was first submitted on the special demurrer, this demurrer was then sustained, and this action dismissed. It was not until all this had been accomplished that the motion of October 6, 1926, was submitted on the general demurrer thereto.

To say that we should consider the cases as though the trial court had consolidated them would be to shut our eyes to what actually occurred as set out in the judgment. We must hold, therefore, that the trial court dismissed the petition for a new trial solely because of the fact that the special demurrer thereto had been sustained. It is true that at common law all questions which could be raised by a general demurrer could be raised by a special demurrer as well as those questions which the special demurrer was designed to raise, but, without stopping to inquire whether this common-law rule as to demurrers has been carried over into the applicable rules under our Code, it is manifest that the trial court did not sustain the demurrer on any ground that a general demurrer would have reached, but solely on the ground that another action for the same relief was pending between the same parties.

It is argued, though, that the petition for a new trial is defective in substance in many particulars, and hence

the judgment dismissing the petition is correct and should be affirmed, though it may have been based on a wrong reason by the trial court. But this argument cannot prevail, for, even if appellees be correct in what they say about the defects of this petition, a question we expressly do not decide, it is quite plain that, in the event a general demurrer should have been sustained to the petition, the appellants should have been afforded an opportunity to amend their pleadings if they could. The judgment does not show they were ever offered such an opportunity or that they even declined to plead further. To sustain appellee's contention here would be to cut off from the appellants the right of amendment which the Code gives them and which it is not shown they have waived. See section 132 of the Civil Code of Practice. This we cannot do.

The judgment is therefore reversed, with instructions to overrule the special demurrer to the petition for a new trial and for further proceedings consistent with this opinion.