## Holliday et al. v. Tennis Coal Co. et al.
(Decided March 27, 1936.)

J. A. SMITH and D. G. BOLEYN for appellants.

P. T. WHEELER, JESSE MORGAN, and J. E. JOHNSON, JR., for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This action was instituted under section 518 of the Civil Code of Practice for a new trial on the ground of newly discovered evidence, and to set aside a judgment rendered in the Perry circuit court on January 26, 1925, which was affirmed by this court on May 25, 1926. Holliday v. Tennis Coal Co., 215 Ky. 551, 286 S. W. 773.

The first action was brought on April 27, 1921, by the Tennis Coal Company against the appellants in the present case to quiet its title to a 273-acre tract of land in Perry county. It based its claim on the Colson Duff patent issued July 1, 1850. The Hollidays, defendants in the first action and appellants here, in their answer asserted title in themselves senior to the title under which the Tennis Coal Company claimed. They claimed title under the William Guinn survey of 400 acres dated August 15, 1849, the William Guinn survey of 100 acres dated April 23, 1855, the William Guinn survey of 300 acres dated April 14, 1856, the Morris Caldwell survey of 300 acres dated May 15, 1852, and the James Guinn survey of 275 acres dated July 13, 1855. They also claimed title by adverse possession and the establishment of an agreed line. They also pleaded champerty.

The circuit court adjudged the Tennis Coal Company to be the owner of the land in controversy, and that judgment was affirmed in Holliday v. Tennis Coal Co., supra. It was held that the patents under which the Hollidays claimed were subsequent and therefore inferior to the Colson Duff patent, except the William Guinn survey of August 15, 1849. It was held, however, that the land in controversy was within the Colson Duff survey and entirely outside of the William Guinn survey of August 15, 1849. It was further held that the Hollidays had failed to sustain their plea of champerty, or to meet the burden of showing title by adverse possession, or the establishment of an agreed line. On the return of the case to the circuit court, further litigation between the parties resulted in two appeals to this court. See Holliday v. Cornett, Sheriff, 224 Ky. 356,

6 S. W. (2d) 497, and Holliday v. Tennis Coal Co., 236 Ky. 227, 32 S. W. (2d) 998.

The present action was filed by appellants on May 20, 1927, seeking a new trial in the original action on the ground of newly discovered evidence. They alleged that since the trial of the action they had discovered that the state of Virginia had, on May 18, 1786, issued to James Reynolds a patent which was recorded in book 7, page 384, in the land office at Frankfort, Ky., for 126, 140 acres of land lying on the north fork of the Kentucky river, and that since the last term of the Perry circuit court they had learned for the first time that in a suit pending in that court between Roger T. Moore, plaintiff, and the Kentucky River Coal Corporation et al., defendants, the Kentucky River Coal Corporation employed R. L. Blakeman, Turner Howard, John Fitzpatrick, and others who were competent and skillful surveyors to locate the Reynolds patent and certain other old Virginia grants issued more than 125 years ago located in Perry county, Ky., and that the depositions of these surveyors were taken on July 2, 1925, and that it appeared from these depositions that the James Reynolds survey covered all of the land in controversy, and that the Colson Duff patent was wholly void at the time it was issued. The petition then continued:

"* * * Your petitioners say that they had never heard of these Virginia grants or any of them, that they had no knowledge that any such grants had ever been issued to cover any lands in Perry county until very recently to-wit, since the adjournment of the last term of this court they have learned that said Blakeman and said Howard testified for the Kentucky River Coal Corporation in the causes above referred to that said grants had been issued and did cover the Colson Duff survey and a great deal of other lands in Perry county.

"Your petitioners say that they could not have learned these facts by any reasonable diligence, that they had no information from any persons whatever relating to any of these Virginia grants and it was a matter they could only have determined by some one who was familiar with the Virginia

grants, after going to a very large expense in attempting to locate same."

A special demurrer to the petition, based on the ground that there was another action pending in the Perry circuit court between the same parties and seeking the same relief, was sustained, and the petition was dismissed. This judgment was reversed in Holliday v. Tennis Coal Co., 236 Ky. 227, 32 S. W. (2d) 998, but the sufficiency of the petition was not considered. On the return of the case, a general demurrer to the petition for a new trial was filed which was overruled. The appellees then filed an answer in which they denied the averments of the petition and pleaded affirmatively that the James Reynolds survey of 126, 140 acres of land did not cover or embrace any part of the lands in controversy and did not conflict in any way with the Colson Duff 1,000-acre patent. They also alleged that all of the facts relative to the James Reynolds patent were well known to the plaintiffs and their attorneys, because the actions in which Roger T. Moore was plaintiff and the Kentucky River Coal Corporation defendant, and the case of Tennis Coal Company v. Tolbert Holliday et al., were pending in the Perry circuit court at the same time, and the attorneys for the Hollidays were the attorneys in the Roger T. Moore cases, and that the plaintiffs, therefore, knew of the records in the Moore cases, and that it had been held by the Perry circuit court that the James Reynolds survey did not embrace the lands in controversy. A reply completed the issues and a large amount of evidence was heard. Most of it was directed to the location of the Reynolds patent.

The circuit judge found that appellants had not exercised reasonable diligence to discover the evidence upon which the petition for a new trial was based. In the course of his written opinion he said:

"First, we would consider the character of the allegedly newly discovered evidence upon which the petition is based. Plaintiffs state that since the last term of this court they learned that a one James Reynolds survey of May 18, 1786, for 126, 140 acres covers the tract of land in dispute and therefore renders the Colson Duff patent under which defendant claims, issued by the Commonwealth of Kentucky to said Duff on the ——— day

of Sept. 1849, wholly void. This evidence, if true as alleged, was a matter of public record long before the first trial between the litigants herein was had, and under the provisions of the Civil Code of Practice, sec. 344, the character of newly discovered evidence that will warrant a new trial is thus defined by subsection 7 of section 340 of the code: 'Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.' Assuming that the newly discovered evidence was material upon the trial, did plaintiffs exercise reasonable diligence to discover such evidence before the trial? We think not. Such evidence was as available before the trial as after, the patent being a matter of public record. And as said in the case of Holliday v. Cornett, Sheriff, in speaking of the judgment awarded the Tennis Coal Company, 224 Ky. 356, 359, 6 S. W. (2d) 497, 498: 'And, under the rule obtaining in this jurisdiction, that judgment was conclusive upon the parties as to all matters that were then determined or that could have been properly determined therein.' The Reynolds patent being a matter of public record we think with due diligence its effect upon this litigation could have been properly determined in the first trial.''

He did not rest his decision entirely upon that ground, however, but, after a consideration of the evidence, found that the James Reynolds patent did not cover the land in controversy. This was in conformity with his ruling in the Moore cases, and with the ruling of the United States Distrist Court for the Eastern District of Kentucky in Kentucky Coal & Timber Development Co. v. Kentucky Union Co., 214 F. 590. This appeal manifests an earnest and persistent endeavor on the part of appellants to establish title to the land in themselves.

We have concluded that the alleged newly discovered evidence is not such as would warrant the court in granting appellants a new trial under the provisions of section 344 of the Civil Code of Practice, as defined by subsection 7 of section 340, and it is, therefore, unnecessary to consider the question as to whether or not

the evidence shows that the James Reynolds patent embraces the land in controversy and is of such a decisive character as to render a different result reasonably certain. Evidence authorizing a new trial is defined by subsection 7 of section 340 of the Civil Code of Practice as "newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." Two of the plaintiffs, who are appellants here, testified that they first learned of the existence of the James Reynolds patent shortly after the judgment in the original action was affirmed by this court, and that one of their attorneys then informed them that, in his opinion, it embraced the land in controversy.

In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear: (1) That the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching. Woltering v. Weber's Adm'x, 253 Ky. 55, 68 S. W. (2d) 440; Ashley v. Harris, 240 Ky. 815, 43 S. W. (2d) 58; Howell v. Standard Oil Co., 234 Ky. 347, 28 S. W. (2d) 3; Price's Adm'r v. Thompson, 84 Ky. 219, 1 S. W. 408, 8 Ky. Law Rep. 201.

The first question confronting us on this appeal is, conceding that the evidence upon which appellants rely for a new trial possessed the other requisites, could it have been discovered before the trial by the exercise of due diligence? If that question is answered in the affirmative, the judgment must be affirmed. Courts grant new trials upon the ground of newly discovered evidence with reluctance. Where a party has had his day in court and an opportunity to produce evidence which was available to him if due diligence had been exercised to discover it, he should not be allowed to relitigate the question in issue. Server v. McGahan, 256 Ky. 332, 76 S. W. (2d) 1; Woods v. Kentucky Traction & Terminal Co., 252 Ky. 78, 65 S. W. (2d) 961; Louisville & N. R. Co. v. Ueltschi's Adm'r, 126 Ky. 556, 104 S. W. 320, 31 Ky. Law Rep. 931.

In Luck v. City of Covington, 248 Ky. 834, 60 S. W. (2d) 103, 104, it was said:

"The policy of the law is to determine causes with all expedition consistent with orderly procedure and justice, and parties should not be encouraged to speculate on the outcome of a trial by postponing investigation until after a verdict has been reached and then urge as grounds for another trial evidence which at all times had been within easy reach and could have been discovered by the exercise of due diligence. Maynard v. Boram, 180 Ky. 392, 202 S. W. 863; Quick v. Stanley [217 Ky. 176, 289 S. W. 224], supra."

In the present case, the appellants are relying upon the James Reynolds patent to defeat the appellees' title to the land in controversy. This patent was of record in a public office and could have been discovered if a reasonable search had been made. On the trial, the appellants, who were the defendants in that action, sought to defeat appellees' title by showing that the land in controversy was covered by a patent senior to the Colson Duff patent, under which the appellees claimed. They knew then that if a patent senior to the Colson Duff patent covered the land the latter patent was void and appellees' title would fail. It was, therefore, incumbent upon them to search the records in the office where such patents would be recorded, and, if such a patent existed, to produce it in evidence on the trial. This defense to appellees' claim was obvious, and the means of discovering the evidence, if any existed, was likewise obvious.

In Nelson v. Gregory, 262 Ky. 740, 91 S. W. (2d) 29, decided February 18, 1936, a new trial was sought on the ground of newly discovered evidence, which was an old patent covering the land in dispute which the plaintiff had discovered since the trial by searching the records. It was held that the evidence, upon which a new trial was sought, was available to appellant at the time of the trial if due diligence had been exercised. See, also, Asher v. Kentucky River Timber & Coal Co., 177 Ky. 774, 198 S. W. 205; Howton v. Roberts, 49 S. W. 340, 20 Ky. Law Rep. 1331; Meade v. Elkhorn Fuel Co., 194 Ky. 86, 238 S. W. 201.

It is argued that the James Reynolds patent was not in the chain of title through which either of the parties was claiming title to the land, and, therefore,

that the rule in the above-cited cases does not apply. Appellants claim, however, that the James Reynolds patent covers the land in controversy, and if that is true it is a part of the chain of title, and its existence would invalidate subsequently issued patents covering the same land. Appellants knew this, and it was their duty to search the proper records and produce such evidence on the trial. The record fails to show that any effort was made to discover the evidence upon which appellants now rely for a new trial, and which was available if the public records had been examined.

Having concluded that the record fails to show that the appellants exercised due diligence to discover the evidence before the trial, the judgment is affirmed.

The whole court sitting.