## Watlington et al. v. Kasey et al.

June 12, 1945.

R. D. McAfee and Frank A. Ropke for appellants.

Robert O. Trent and Walls & Kincheloe for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an action under section 518 of the Civil Code of Practice to set aside a judgment of the Breckinridge circuit court which was affirmed by this court January 22, 1943. Watlington v. Kasey, 293 Ky. 382, 168 S. W. 2d 988. The judgment established the division line between the lands of appellants and appellees. Soon after the mandate of this court issued, the appellants brought this action to set aside the judgment which had been affirmed. Apparently the action is based upon the ground that fraud had been practiced by the successful parties in obtaining the judgment. A demurrer to the petition was sustained, and the petition was dismissed.

Section 518, subsection 4, of the Civil Code of Practice provides that the court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it for fraud practiced by the successful party in obtaining the judgment. The petition in the original suit was filed April 29, 1938. On May 27, 1938, an order was entered directing John E. Wilson, the county surveyor, to go upon the property in dispute and run the division line. He filed his report on August 27, 1938. R. M. Basham and C. M. Payne, two surveyors selected by the defendants, Percy L. Kasey and G. O. Haynes, made a survey and found what they deemed to be the correct division line between the lands of the plaintiffs and the property known as Park Addition. Their report was filed September 28, 1938. A large amount of proof was taken, including the testimony of the various surveyors. On May 29, 1941, a judgment was entered establishing the division line. The judgment contained this:

"At the conclusion of all the testimony offered by the parties, then, on motion of plaintiffs, by counsel, which motion was sustained, the Court went upon the premises with counsel for the respective parties for the purpose of viewing the lines and property in question herein, and did so view the same, thereafter returning to the courtroom and hearing argument of counsel for all parties, and briefs having been filed by both parties and said action being submitted for judgment, and the Court being sufficiently advised, it is, therefore, ordered and adjudged by the Court the line No. 3 as represented and shown by the joint survey and plat of Park Addition as made and filed in the action by the surveyors, R.

M. Basham and C. M. Payne, to be and the same is now hereby established and adjudged to be the true and correct location of the line in controversy herein between the parties hereto."

The judgment also contained this:

"It appearing to the Court that no monuments of a permanent nature have been placed or erected by said surveyors at either end of line No. 3, it is, therefore, further ordered and adjudged by the Court that said surveyors, R. M. Basham and C. M. Payne, go upon the premises in controversy in this action and construct, place and erect at both ends of said line, monuments of a permanent nature, and, in accordance with this survey."

This is the judgment affirmed by this court on January 22, 1943, and which appellants seek to have vacated in this action. They alleged in their petition that the judgment was rendered by the circuit court and affirmed by the Court of Appeals in reliance on the accuracy of the plat prepared by R. M. Basham and C. M. Payne and the truth of their testimony given in support and explanation of their plat; that after the judgment had been affirmed by the Court of Appeals and while they were preparing a petition for rehearing, which later was overruled, they discovered gross inaccuracies in the plat prepared by Basham and Payne; that after their petition for rehearing was overruled, they employed two registered engineers to go upon the land and survey it and "that by the aforesaid surveys and plats of the said Registered Engineers, these plaintiffs have discovered that the said plats filed in said action No. 5701 by the said R. M. Basham and C. M. Payne, and the testimony of said Basham and Payne in explanation and support of their said plat, upon both of which this Court and the Court of Appeals based their opinions and judgments, was false and fraudulent in every line and detail and especially upon the following material points." Then follow nine alleged inaccuracies in the Basham and Payne survey. The petition concludes:

"That in furtherance of the fraud upon the Court and these plaintiffs, the said Basham and Payne have not set the iron pins at the points shown on their plat as directed by the judgment of this Court, but have placed them in the Eastern right of way line of the High-

way, and the other some 425 feet Northeast thereof and in a line of the old fence on the rear, if extended. That said points where said iron pins have been placed are about thirty-five feet from the points where same should be placed if same were placed in accordance with the plat of the said Basham and Payne as filed and approved by the Court in said action No. 5701.

"That from all the foregoing these plaintiffs state that the judgment rendered in said action No. 5701 was obtained by the fraud and misrepresentations of the defendants, Percy L. Kasey, and G. O. Haynes, and their witnesses, R. M. Basham and C. M. Payne."

Two amended petitions were filed, but neither added any material averment.

At most, the allegations of the petition are mere conclusions of the pleader. The allegations of fraud are in general terms without a statement of the facts constituting the alleged fraud. The petition alleges that the judgment was based on testimony which was untrue, but this is not sufficient to authorize a new trial under section 518 of the Civil Code of Practice, especially where the party adversely affected had ample opportunity to demonstrate the falsity of the testimony, and where the evidence upon which a new trial is sought was available to the party aggrieved at the time of the trial if proper diligence had been exercised. Asher v. Kentucky Timber & Coal Co., 177 Ky. 774, 198 S. W. 205; Nelson v. Gregory, 262 Ky. 740, 91 S. W. 2d 29. Appellants admit that while they were preparing their petition for rehearing in this court the alleged inaccuracies in the plat prepared by Basham and Payne were discovered. An equally careful examination of the record while the case was pending in the lower court would have led to the same discovery. The plat prepared by Basham and Payne was filed in the trial court September 28, 1938, and judgment was not rendered until May 29, 1941. During all of this time appellants failed to have the land surveyed or the plat then on file in the case checked by a surveyor of their own selection. They waited until judgment had been rendered by the trial court and affirmed by this court and then seek to have the judgment vacated and a new trial granted on the ground that a survey made after the judgment was rendered by a surveyor selected by them shows that the

survey on which the judgment is based is inaccurate. This is not enough to obtain a vacation of the judgment under subsection 4 of section 518 of the Civil Code of Practice. Clifton v. McMakin, 288 Ky. 813, 157 S. W. 2d 81; Mason v. Lacy, 274 Ky. 21, 117 S. W. 2d 1026; Metropolitan Life Insurance Company of New York v. Myers, 270 Ky. 523, 109 S. W. 2d 1194; Metcalf v. Metcalf, 250 Ky. 202, 61 S. W. 2d 1083.

The charge in the petition that Basham and Payne failed to place the stakes or iron pins at the points designated in the judgment refers to acts occurring subsequent to the rendition of the judgment. Such a mistake, whether intentional or unintentional, is not a ground for vacation of the judgment in a proceeding under section 518 of the Civil Code of Practice. Roundtree v. Meadors, 188 Ky. 551, 222 S. W. 1069.

The judgment is affirmed.