## Baker v. Wilson.

June 17, 1949.

Robert J. Watson for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Walter Baker, was a deputy sheriff in Bell County, Kentucky, serving under Jake Howard, the duly elected sheriff. The grand jury of that county indicted the appellant in which he was accused of the crime of murder. After the return of that indictment against appellant, and before April 29, 1949, there was an action filed in the Bell circuit court against appellant, apparently pursuant to the provisions of section 63.180, KRS which prescribes a remedy ''for removal of non elective peace officer[s],'' in which, judgment was sought vacating plaintiff's office of deputy sheriff and to oust him therefrom. The court upon the hearing of that case rendered judgment ousting appellant from the position of deputy sheriff of Bell County. From that judgment he prayed and was granted an appeal to this court, but no appeal has yet been filed in th's court. On the next day after the judgment was rendered (April 30, 1949) appellant filed this action against appellee as clerk of the Bell circuit court in which he alleged that the clerk declined to approve or accept his supersedeas bond, which appellant then and there tendered and by which the execution of the judgment became suspended until his appeal could be perfected and disposed of. He therefore prayed the court for a mandatory writ compelling appellee to receive, accept and file his tendered supersedeas bond and to issue a supersedeas thereon. The court sustained a demurrer to the petition and appellant declining to plead further the petition seeking the writ of mandamus was dismissed, from which he prosecutes this appeal.

The briefs of both appellant and appellee do not rely upon, nor refer to the controlling question in this case. On the contrary their briefs are directed to the merits or demerits of the judgment rendered vacating appellant's office, which relate only to the appeal from that judgment. In making the'r argument they refer to and discuss section 227 of our Constitution, and to sections 61.040 and 61.300 of KRS.

The constitutional section appears to apply only to chief officers, since we find nothing in it applying its provisions to deputy officers of the principal offices therein named; but, since it is unnecessary to determine that question we do not now do so. Section 61.040 of KRS

prescribes that any officer or deputy officer holding any of the offices prescribed in section 61.010 of the same statute, upon conviction of any felony shall vacate his office, and it is argued by appellant that since he is only indicted for a felony but not yet convicted that section does not apply to him. On the other hand it is insisted for the Commonwealth that subsection (1) (c) of section 61.300, KRS sustains the court's judgment in the vacation proceedings. It says:

"(1)  No person shall serve as a deputy sheriff, deputy constable, patrol or other nonelective peace officer or deputy peace officer: * * *

"(c)  Who has ever been convicted of or is under indictment for a crime involving moral turpitude."

It is therefore argued by Commonwealth's counsel that since appellant was indicted for a felony, one involving moral turpitude, the court properly vacated appellant's office. But, since all of those arguments appertain to and are directed solely to the question of whether or not the court erred in rendering its judgment in the vacation proceedings we will not enter into any of the discussions, nor determine any of those questions on this appeal.

The court in the ouster case had jurisdiction of the subject matter and of the parties to the litigation. Its judgment in the vacating proceedings is not therefore void, but only voidable, which is the universal rule and approved by us in many cases, three of which are: City of Paducah v. Paducah Traction Co., 168 Ky. 198, 181 S. W. 1093, Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412, and Crider v. Sutherland, 186 Ky. 7, 216 S. W. 57. If it committed error in rendering its judgment the only remedy for the correction of that error is by an appeal from the judgment and not on this collateral attack of it. We have said that the action was most likely brought under section 63.180 KRS, but it may have been brought under section 480 of our Civil Code of Practice, however, in either event it is one to oust an incumbent of his office.

In the case of McClendon v. Hamilton, 277 Ky. 734, 127 S. W. 2d 605, 607, involving the right and eligibility of one to hold and discharge the duties of a member of

the county board of education, losing litigants prosecuted an appeal and claimed the right to continue in the office in contest until their appeals could be determined by this court. They had superseded the judgment and in our opinion we said, inter alia:

"Though such a judgment may be reversed upon appeal if found erroneous, yet under generally accepted law the judgment is not suspended by the appeal. The effect of a supersedeas is only to stay the issuance of an execution for costs. High on Extraordinary Remedies, Sec. 756, p. 701; Mechem on Public Offices, Sec. 497; 22 R. C. L. 719, 728; 3 Am. Juris. Appeal and Error, Sec. 565; 51 C. J. 363; Fawcett v. Superior Court, 15 Wash. 342, 46 P. 389, 55 Am. St. Rep. 894; People v. Reinberg, 263 Ill. 536, 105 N. E. 715, L. R. A. 1915E, 401, Ann. Cas. 1915C, 343; State ex rel. Guthrie v. Chapman, 187 Wash. 327, 60 P. 2d 245, 106 A. L. R. 640; State ex rel. Sathre v. Roberts, 67 N. D. 92, 269 N. W. 913, 108 A. L. R. 37."

We then pointed out the object and purposes of both common-law and statutory remedies for the vacation, or usurpation of an office or a franchise and then said:

"The accomplishment of the object is most important, namely, the removal by the sovereign, that is, the State, of one assuming to act as a public officer. Though the end is attained by the simpler process, it must be the same. It should be remembered that a public office is not a private right. Construed in the light of judicial history, and the evident and recognized intent to preserve the legal force and the effect of the proceeding, and because the interest of the public—the common weal —is so transcendent, we are of opinion that the provisions of Section 487 of the Code, as to the nature of the judgment to be entered, mean that it is to be classed as is the common law writ and becomes immediately effective."

We have no disposition to question the correctness of the conclusions reached by us in that opinion. If the ousted officer could stay a judgment denying him the right to further exercise it, by executing a supersedeas bond to prevent the enforcement of the judgment until his appeal could be heard by an appellate court, then an

adjudged disqualified person could still continue to function in his office until his appeal was disposed of.

If it should be adjudged by the appellate court that the officer was wrongfully ousted, then he could look to the one who succeeded him as such officer and recoup from that person the fees and compensation earned pending the appeal. In other words, the vacation takes effect upon the rendition of the judgment declaring the office vacant. The only argument against the foregoing principle, as announced in the McClendon case, made by appellant's counsel in this case is: "that it was decided in the McClendon case as heretofore quoted that the Kentucky Code provisions as to supersedeas judgments do not designate any character or class of judgments that may be suspended, and with exception of statutory regulation, the common law practice is to be resorted to in determining whether a supersedeas shall, or shall not, issue to suspend the judgment of the Circuit Court. So the only question is whether in the case of Commonwealth v. Walter Baker (the ouster case, supra) there is, or has been interpreted to be, some statutory regulation as to suspension of judgment pending appeal of a decision involving removal from office for being under indictment or having been convicted of a crime."

In neither the action provided for by section 480 of the Civil Code of Practice, nor by section 63.180, KRS is there any provision for the execution of a supersedeas bond on appeal of an ousted officer from a judgment declaring his office vacant, so as to suspend the execution of the vacating judgment pending his appeal therefrom.

Therefore, the defendant herein, R. E. Wilson, as clerk of the Bell circuit court, properly declined to accept appellant's tendered supersedeas bond and properly refused to issue a supersedeas as requested by appellant.

Wherefore, the judgment is affirmed.