CASE 65.—ACTION BY THE LOUISVILLE & NASHVILLE R. R. CO. AGAINST UELTSCHI'S EXECUTORS TO OBTAIN A NEW TRIAL ON THE GROUND OF NEWLY DISCOVERED EVIDENCE.—October 3.

# Louisville & N. R. R. Co. v. Ueltschi's Admr.

Appeal from Farnklin Circuit Court.

R. L. STOUT, Circuit Judge.

From a judgment of dismissal plaintiff appeals—Affirmed.

1. New Trial — Newly Discovered Evidence — Cumulative Evidence.—In an action against a railway company for the death of a pedestrian at a crossing, a witness testified that she saw him near the crossing, and then went into the house, and shortly the train passed. Another witness testified that he saw the pedestrian, that he stopped and looked up and down the track, and that the witness walked about 8 or 10 feet, when the train rushed by. Held, that the evidence of the latter witness was merely cumulative, and not indispensable to a recovery by plaintiffs and a new trial on the ground of newly discovered evidence that the latter witness' testimony was false was properly refused.

2. Same.—A new trial will not be granted to enable the defeated party to introduce new evidence, unless the reasons why it should be done are strong, and it is made to appear with reasonable certainty that injustice will result unless the relief is granted.

3. Appeal—Effect as to Motion for New Trial.—Where, pending an appeal by a party against whom a judgment has been rendered, he discovers within the time allowed by law a cause for opening the judgment in the lower court, he will not be denied the right to do so because he is prosecuting an appeal.

JOHN T. SHELBY, Attorney for appellant.

IRA JULIAN of counsel.

Louisville & N. R. R. Co. v. Ueltschi's Ex'rs.

On the question of diligence in making this application for a new trial, we submit that under subsection 7 of section 340, Civil Code, the newly discovered evidence authorizing a new trial is such as the party "could not with reasonable diligence have discovered and produced at the trial." The question of diligence, therefore, is one which relates only to the matter of the production of the testimony at the original trial, and it does not at all relate to the matter of the discovery after the trial and judgment.

Under section 344, if the evidence be discovered after the trial at which the judgment is rendered, the application for the new trial must be made "not later than the second term after the discovery." This is the only limitation. It will be noted that the words are not "After the time when by the exercise of reasonable diligence it might have been discovered," but simply "not later than the second term after the discovery."

B. G. WILLIAMS for appellee.

J. H. HAZELRIGG of counsel.

### POINTS AND AUTHORITIES CITED.

1. No separation of law and facts on motion for new trial. The Albion Company v. Ellinger, 19 Ky. Law Rep., 1886; same, p. 1981; Helm v. Coffey, 80 Ky., 176; Henderson, etc., v. Dupree, etc., 82 Ky., 681; Beeler v. Sandidge, 20 Ky. Law Rep., 1581; Day v. Adams, 20 Ky. Law Rep., 1827; American Mutual Aid Society v. Bronger, 91 Ky., 406; Hatfield v. Adams, 96 S. W., 583.

2. As to vigilance. Section 344, Civil Code; Price's Adm'r v. Thompson, 84 Ky., 224; Chandler v. Thompson, 30 Fed. Rep., 38; Chicago & Eastern Railroad Company x. McKeehan, 5 Ind. Appeals, 124.

3. Materiality. City of Chicago v. Edison, 43 Ill. Appeals, 417; Allen v. Perry, 69 Ky., 85; 71 Wisconsin, 641; Fleet v. Hollenkamp, 52 Ky., 219; Scott v. Scott's Executrix, 82 Ky., 328; Coffey v. Proctor Coal Co., 14 Ky. Law Rep., 416; Nichols v. Mechanics Insurance Co., 16 N. J. Law; City of Paris v. Marrell, 52 Ill. Appeals, 121; 3 Graham and Waterman, 1537.

4. Must be upon the issue. Clark v. Rutledge, 9 Ky., 381; Barrett v. Belske, 7 Ky., 348; Shreve v. Baxter, 71 Ind., 352; Hargis v. Price, 34 Ky., 79; Findley v. Tyler, 11 Ky., 161; Carpenter v. Coy, 67 Barbee, 411.

5. The newly discovered evidence must not be merely cumula-

tive.   Richardson Bros. & Co. v. Huff, 19 Ky. Law Rep., 1428;
Aetna Insurance Co. v. Sparke, 62 Ga., 187.

OPINION OF THE COURT BY JUDGE CARROLL—Affirm-
ing.

This is an action to obtain a new trial upon the
ground of newly discovered evidence.   On the origi-
nal trial, in which appellees obtained judgment for
damages growing out of the death of their testator,
caused by the negligence of appellant in failing to
give proper warning of the approach of its train to
the public crossing at which he was struck, three
defenses were made: First, that Ueltschi was not
killed at a public crossing; second, that he was guilty
of such contributory negligence as defeated a re-
covery; and, third, that the appellant was not guilty
of any negligence.   In the course of the trial a wit-
ness named Garland McDonald testified in substance
that he was standing in the door of a blacksmith's
shop and saw decedent as he approached the track,
and when within a few feet of it, at the point where
he was killed, stop and look up and down the track.
It is stated in the petition, which was filed in De-
cember, 1906, that appellant discovered a few months
before that McDonald was not in the shop or in the
vicinity where he claimed to have been, and did not
see or know anything about how the accident oc-
curred; that he was induced by the payment of money
to make the statements given in evidence by him,
which were in every particular false.   The lower
court, after hearing evidence introduced for and
against the petition, dismissed it, and appellant
prosecutes this appeal.

The evidence as to whether McDonald was or not
at Ueltschi's on the day he was killed is very conflict-

ing. It is extremely difficult to arrive at any satisfactory conclusion concerning this disputed point. There is strong evidence, supported by persuasive circumstances, tending to show that McDonald on the day of the accident was at Lacefield's some two miles distant from Ueltschi's place. On the contrary, several witnesses testified that he was at Ueltschi's. But this controverted question we do not feel it necessary to determine, as if it be admitted that McDonald was not at Ueltschi's and that he gave false testimony on the trial, there was other evidence introduced upon the points about which McDonald testified sufficient to take the case to the jury and to sustain a verdict. This conclusion is, we think, fully supported by the following statement of facts contained in the opinion found in 97 S. W. 14, 29 Ky. Law Rep. 1136: ''The residence of the decedent was upon the north side of the railroad track, and there were three other small houses, used as a buggy house, hen house, and shop, on the same side of the track, west of the dwelling. The dwelling was 50 or 60 yards from the track. Across the railroad from the house was the barn, crib, and stable of decedent. The public road crossed the railroad, at grade, at a point almost between the house and the barn. The railroad curves slightly to the north, just beyond this crossing, and runs through a deep cut. Decedent and his family used this public crossing over the railroad in passing to and from their house to the barn on the opposite side of the track. About noon on May 2, 1904, the decedent and his hired hand and two boys were engaged in some kind of work in his barn. He left the barn, as stated by the hired man, to go over to the house to telephone one of his boys, who was in Frankfort, to come home. He said he would come

back in a few minutes. He stayed at the house but a short time, and started back to the barn. It was raining at the time, and he took a gum coat and threw it over his shoulders, and started down a little path which led from the house to the public crossing, in the direction of the barn. Miss Freda Hurney, a young lady whom the Ueltschi family had raised, was out on the side porch, and saw him go down the path in the direction of the barn, and when he had nearly reached the railroad track at the crossing she turned and went into the house. When he had approached within 8 or 10 feet of the track, he paused, looked up and down the track, and then started over towards the barn, and this was the last seen of him alive. In a very short time thereafter the train passed by, and he was found at a point in the field, 250 yards or more from the crossing, where he was seen by one of the trainmen to fall from the cow-catcher or pilot of the, engine. * * *Miss Freda says that she had barely had time to walk across the porch and through one room when the train passed. Garland McDonald, who was standing in the shop door, and saw decedent as he approached the track, and stopped, or halted, and looked up and down the track, says that he walked but 8 or 10 feet to his anvil in the shop when the train rushed by.'' McDonald's evidence was merely cumulative, and not indispensable to a recovery by appellees; nor can it be fairly said that in the absence of this evidence the result would not have been the same.

New trials are reluctantly granted; and, when disputed matters have been fully litigated, the courts will not reopen a case for the purpose of enabling the defeated party to introduce new evidence, unless the reasons why it should be done are very strong, and

it is made to appear with reasonable certainty that injustice or wrong would result unless the relief was granted, and another opportunity allowed to relitigate the question in issue. This court has frequently had before it applications for new trials upon the ground of newly discovered evidence, and it has uniformly been held that a new trial will not be granted when the point upon which it is sought was in issue in the former trial, unless the discovered evidence be of such a permanent and unerring character as to preponderate greatly or have a decisive influence upon the evidence to be overturned by it. And especially does this rule obtain with respect to parol testimony. Price v. Thompson, 84 Ky. 219, 8 Ky. Law Rep. 201, 1 S. W. 408; Torian v. Terrell, 122 Ky. 745, 29 Ky. Law Rep. 306, 93 S. W. 10; Mercer v. Mercer, 87 Ky. 21, 9 Ky. Law Rep. 870, 884, 7 S. W. 307; Allen v. Perry, 6 Bush (Ky.) 85; Richardson v. Huff, 43 S. W. 454, 19 Ky. Law Rep. 1428. Keeping in mind that McDonald's evidence was parol, and that it was upon a point directly put in issue and concerning which several witnesses testified, it must be conceded that it was cumulative, and it cannot be said to have been so conclusive as to have had a decisive influence upon the jury who hear it.

Another reason for denying a new trial is that here the attempt is to impeach the testimony of a witness who testified on the original trial. It is not claimed that any new evidence bearing upon the substantive issues involved in the trial has been discovered; but the argument is made that the evidence of a witness who testified in behalf of the successful party was false, and a new trial is sought to afford opportunity to contradict the testimony given by this witness. So far as our investigation goes, we have not been

able to find any authority to support the position that a new trial may be granted for the sole purpose of impeaching the testimony of a witness whose evidence is merely cumulative. On the contrary, the rule seems to be that newly discovered evidence which only tends to discredit or impeach such an opposing witness will not authorize a new trial. L. & N. R. R. Co. v. Tinkham's Adm'r, 44 S. W. 439, 19 Ky. Law Rep. 1784; Barrett v. Belshe, 4 Bibb (Ky.) 348; Findly v. Tyler, 1 Litt. (Ky.) 161; Louisville Ins. Co. v. Hoffman, 24 Ky. Law Rep. 980, 70 S. W. 403. It would seem, however, that if the verdict or decision rested upon the testimony of a witness, or his testimony was of a decisive or controlling character, and it could be shown by newly discovered evidence that his evidence was false, it would be allowable to grant a new trial upon this showing. Illinois Central R. Co. v. McManus, 67 S. W. 1000, 24 Ky. Law Rep. 81. But this latter proposition is not before us in this proceeding, and it is not necessary to further discuss it.

A question of practice has been raised that we will dispose of. When the petition for a new trial was filed, an appeal on behalf of plaintiff from the judgment sought to be vacated was pending in this court, and the question is made as to the right of a party to institute and maintain an action to set aside a judgment while he is in another proceeding and court seeking to have it reversed. The Code limits the time in which an action to vacate a judgment on the ground of newly discovered evidence must be made; and if a party who has prosecuted an appeal from a judgment against him could not, pending the appeal, institute his action in the lower court to have a new trial, and was obliged to wait until his appeal had

been finally disposed of, it might happen that the time in which an action to open the judgment could be filed had expired, and the result would be that, however meritorious the reasons for granting a new trial, it must be denied because the application was not made in time; and, as the reasons for a new trial could not be brought to the attention of this court, the party would be entirely without remedy. When, pending an appeal by a party against whom judgment has been rendered, he discovers within the time allowed by the Code any cause for opening the judgment by an action in the lower court, he will not be denied the right to do so because he is prosecuting an appeal from the judgment.

Perceiving no error, the judgment must be affirmed.