## Maynard, et al. v. Boram, et al.

(Decided May 3, 1918.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Findings.—In this action for the recovery of money advanced upon a lumber contract, evidence examined and found sufficient to support the finding of the jury.

2. New Trial—Newly Discovered Evidence.—A new trial will not be granted upon the ground of newly discovered evidence where the new evidence is merely cumulative, or where the new evidence would not exert a controlling influence upon another trial.

3. Contracts—Contract to Provide Lumber—Sufficiency.—Where a party enters into a contract and agrees to provide lumber of given dimensions, at a fixed price, and thereafter provides said lumber in accordance with the contract, it is immaterial that he did not own a mill, or that a given person whom he represented as his partner was not in fact his partner.

JOHN M. BOWLING and F. W. STOWERS for appellants.

CLINE & STEELE, W. K. STEELE and J. S. CLINE for appellees.

Opinion of the Court by Judge Sampson—Affirming.

This action was instituted in the Pike circuit court by Dr. J. B. Maynard and K. A. Maynard against Hence Allen and M. W. Boram, to recover two hundred thirty dollars, alleged by the Maynards to have been advanced to Allen and Boram on a lumber contract which was entered into by these parties. Plaintiffs say that the contract was in writing and that the defendants who claimed to be sawmill men, were to manufacture and deliver to the plaintiffs on the mill yard sixty thousand or seventy thousand feet of merchantable lumber, of given dimensions, at the price of fifteen dollars per thousand, and that to aid the defendants in the carrying out of this contract plaintiffs advanced to defendants the two hundred thirty dollars in installments. The defendants admit the execution of the contract and its terms, and also that the plaintiffs furnished to the defendants the two hundred thirty dollars sued for, but they say that after entering into said contract they proceeded to manufacture and did manufacture and place on sticks in the mill yards about forty-six thousand feet of lumber in conformity to the contract, and notified plaintiffs to inspect and take up the same, but that plaintiffs declined to do so although the written contract provided that whenever defendants had as much as twenty thousand feet of lumber on sticks in the mill yards that the plaintiffs should take up and pay for the same. The forty-six thousand feet of lumber, figured at fifteen dollars per thousand, amounts to six hundred ninety dollars, and as defendants have only received two hundred thirty dollars, the amount sued for, defendants claim the difference between said sum and the contract price of the lumber—six hundred and ninety dollars, or four hundred sixty dollars, and this is set forth in a counter-claim. By reply the plaintiffs attempt to assert a set-off or counter-claim of one thousand dollars, against the defendants on the ground that plaintiffs were prevented from erecting a hotel in Williamstown, West Virginia, by reason of the failure of the defendants to provide the lumber, as per the contract. This last claim for one thousand dollars, however, was not supported by evidence, and this is also true of several other claims arising on each side. The amount in issue is two hundred thirty dollars, claimed by plaintiffs, and a counter-claim of four hundred sixty dollars sought by the defendants on ac-

count of the failure of plaintiffs to take up and pay for the forty-six thousand feet of lumber. Evidence was taken at great length and a trial was had by a jury who, under proper instructions, returned a verdict finding three hundred dollars for the defendants. Motion and grounds for new trial being overruled, plaintiffs prosecute this appeal.

A reversal of the judgment is asked chiefly on the grounds of newly discovered evidence. Upon the trial the defendant, Boram, stated he and Allen ordered a new saw mill with which to cut the lumber mentioned in the contract, and that defendants were able, ready and willing to fulfill the terms of the agreement, but were prevented from so doing by the failure of plaintiffs to inspect and take up the lumber after it was on sticks in the mill yards, as per the terms of the contract. It does appear a new mill was obtained by Boram and Allen, or at least by Boram, by purchase or otherwise, on which a large amount of lumber was manufactured. Whether the lumber was in accordance with the contract is a controverted matter in the evidence, and was properly submitted to the jury. But since this lawsuit involves the question of whether the defendants cut and stacked the lumber in accordance with the contract, and the plaintiffs performed their part of the contract by advancing the money with which to carry on the work, it was only a question of fact for the determination of the jury, since both parties rely upon the written contract. If defendants did so do, then it was the duty of plaintiffs to have inspected, accepted and paid for the quantity so manufactured and stacked according to the contract; and if plaintiffs failed so to do and thus breached the contract, while defendants were in good faith attempting to perform their part of it, then plaintiffs were not entitled to recover the two hundred thirty dollars, but defendants were entitled to recover on their counter-claim. This question was properly submitted to the jury and determined in favor of defendants upon their counter-claim, and we can find no substantial reason for disagreeing with the verdict.

The court is unable to appreciate the argument of counsel on the question of ownership of the mill. If it should be made to appear that the mill was not the property of defendants but that the lumber was cut and stacked in accordance with the contract, defendants would nevertheless be entitled to recover. The trial court was

quite liberal with appellants in the introduction of evidence, and also gave them the burden which they insistently claimed. The jury determined the controverted questions of fact and there is an abundance of evidence to sustain this finding. The granting of a new trial on the grounds of newly discovered evidence rests largely in the sound discretion of the trial judge, but where the facts were, before the trial, in the easy reach of the complaining party and he failed to exercise diligence to discover them, a new trial will not be allowed. In no case would a court be justified in granting a new trial on this ground unless the newly discovered evidence be direct and unerring and calculated to have a controlling influence upon another trial. Furthermore, the question of who owned the mill was investigated in part on the last trial, and the evidence which is now relied upon for a new trial would in some parts be cumulative.

Judgment affirmed.