## Meade, et al. v. Elkhorn Fuel Company, et al.

(Decided March 3, 1922.)

### Appeal from Pike Circuit Court.

New Trial—Newly Discovered Evidence—Diligence.—A failure to examine a public record and discover what it is required to show before trial is not an exercise of reasonable diligence, and such evidence discovered after the trial is not newly discovered evi-

dence that, under sections 340 and 344 of the Code, will authorize a new trial.

P. B. STRATTON for appellants.

E. C. O'REAR, EDGAR PENDLETON, ALLIE W. YOUNG and W. G. DEARING for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By this independent action plaintiffs seek a new trial under section 344 of the Civil Code, of an action, the judgment of which was affirmed by this court in Meade, etc. v. Steele Coal Co., 181 Ky. 153, where may be found a full statement of the facts involved.

In the original action no question was made as to the validity of the Chas. Trout patent issued January 24, 1846, under which appellees claim title to the 30¾ acres of land in dispute.

In this action the only ground asserted for a new trial is the alleged discovery, since the trial, that the patent is void for the reason that the certified copy of the land warrant of the Pike county court upon which it issued, although regular on its face, is in fact a forgery. The only evidence by which appellants aver they can prove this alleged fact are the original records of the Pike county court which they state fail to show that any such warrant was ever issued or authorized by order of the Pike county court. And simply because of this failure of the records to show what the clerk of the court certified as a fact, they conclude that his certificate is a forgery without even denying that he signed it. Their evidence does not therefore sustain a charge of forgery, but only at most that ancient records do not show now what the proper officer then officially certified as a fact.

But assuming that the newly discovered evidence was material upon the trial, and waiving the question raised by opposing counsel as to whether the patent could have been collaterally attacked upon this ground, the only remaining question is whether the evidence is such that plaintiffs could not with reasonable diligence have discovered and produced it on the trial. Stated otherwise, and more concretely, did appellants exercise reasonable diligence to discover the alleged invalidity of their adversary's title to the land in dispute when they could have discovered it before the trial just as they did later by simply examining the public records of the county,

containing the primary evidence thereof and which were open for inspection at all times?

Upon this precise question, under somewhat different but entirely analogous facts, this court has held that the discovery of a deed on record in the proper office will not entitle a party to a new trial. Denny v. Wickliffe, 1 Met. 216; Howton v. Roberts, 20 R. 1331, 49 S. W. 340.

The character of newly discovered evidence that will warrant a new trial under section 344 is thus defined by subsection 7 of section 340 of the Code: "Newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial."

If a new trial could be obtained upon the showing made here, then a litigant could try separately the validity of many if not all of the links in a chain of title by simply assuming without looking at the public records that apparently regular, but in fact spurious copies thereof, introduced by his adversary to prove his title, were valid. To so hold would require of the parties much less than reasonable diligence and render a trial of title a farce.

We are, therefore, of the opinion that the trial court did not err in refusing to grant appellants a new trial and the judgment is affirmed.