## Richardson, et al. v. Beard.

(Decided March 17, 1925.)

### Appeal from Warren Circuit Court.

1. Jury—Motion for Jury Trial, Made at Answering Term Before Issues Made up or Proof Taken, Held Timely.—A motion for jury trial, made at answering term and before any proof was taken or issues were made up, was timely.
2. Jury—Defendants Held Entitled to Jury Trial in Action in Nature of Trespass to Try Title.—Defendants are entitled to jury trial in an action in nature of trespass to try title in which injunctive relief was only ancillary to question of title, and issue as to title was distinctly a legal one.
3. Jury—Controversy as to Dividing Line and Corners of Lots which were Differently Described in Deeds Entitled Defendants to Jury Trial.—In an action substantially in nature of trespass to try title, where controversy turned on location of dividing line between them and of corners of lots, which corners were differently described in respective deeds, the question involved was one of fact and entitled defendants to jury trial.

THOMAS, THOMAS & LOGAN for appellants.

RODES & HARLIN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

R. E. Beard brought this suit against S. M. Richardson and the town of Smiths Grove, alleging in his petition that he was the owner and in the possession of a certain lot in Smiths Grove lying at the corner of Main and First streets, fronting on First street 32½ feet and running back 98½ feet; that the defendant Richardson had been trespassing upon the rear portion of the lot and removing the rear corner stones and would, unless restrained by the court, continue to do so; that the town of Smiths Grove was threatening to enter upon the rear portion of his property and remove his corner stone and lay a permanent concrete walk over a portion thereof, all against his will and consent; and that the defendants had no right, title or interest in said land. He prayed that he be adjudged the owner and entitled to the possession of the property and that the defendants be enjoined from trespassing thereon. The defendant Richardson filed an answer denying that the plaintiff was the owner or in the possession of the lot described in his petition

or that he had trespassed upon same and alleged that he owned and was in possession of a lot described in his answers and that all of the acts complained of were done on his lot; and that plaintiff was trespassing on him. He prayed that the plaintiff's petition be dismissed; that he be adjudged the owner of the land in controversy and that the plaintiff be enjoined from trespassing on him. The defendants moved the court to transfer the case to the common law docket for trial of the issues involved. The court overruled the motion and the defendants excepted. On final hearing the court adjudged the plaintiff the relief sought. The defendants appeal.

The motion for a jury trial was not made too late. The answer was filed on the hearing of the motion for a preliminary injunction on November 11, 1922, but this was not the answering term of the court; the case was not docketed until the February term, which was the next term after the process was served, and the motion was made at that term before any proof was taken or the issues were made up. While it has been often held that the motion must be seasonably made, it has never been held that the motion came too late when made at the answering term before the issues were made up and before the proof was taken. Proctor v. Tubb, 166 Ky. 676, and cases cited.

The suit was not one purely for injunctive relief. The action was substantially in the nature of trespass to try title. The injunctive relief was only ancillary to the question of title. The issue as to the title was distinctly a legal one on which the defendants were entitled to a jury trial. In Chenault v. Eastern Ky. Timber Co., 119 Ky. 172, the court, after quoting sec. 12 of the Code, said in a case like this:

> "The purpose of the provision of the Code is to allow a transfer to the ordinary docket of ordinary issues in an equity action. The issues made by the defendants were essentially the same as they would have been had the action been brought on the ordinary side of the docket to recover the land as in ejectment. If the action had been brought on the ordinary side of the docket, undoubtedly the defendants would have been entitled to a jury trial. The section of the Code above quoted was designed to prevent the plaintiff from affecting this right of the defendants by bringing the action in equity."

To the same effect see Hill v. Phillips, 87 Ky. 169; Carder v. Weisenberg, 95 Ky. 135; Ky. Land Co. v. Crabtree, 113 Ky. 922; Kountze v. Hatfield, 99 S. W. 262; Scott v. Kirtley, 166 Ky. 727; Bush v. Chenault, 175 Ky. 598.

The controversy between the parties turns on the location of the division line between them. Only a strip a little less than a foot and a half wide is in controversy. It is insisted that this is a question of law turning on the construction of the deeds. But the location of the corner is a question of fact and not a question of law. The whole tract was divided into lots and stakes were set at the corners of the lots. The rights of the parties depend upon the location of these corners and this is a question of fact to be determined from all the evidence. The original deeds for the lots were made in the same division of the property. In Richardson's deed the corner on Main street is thus described: "A point on Main street in Smiths Grove, Kentucky, about three feet from the rear west corner of a drug store." In the deed under which Beard claims this corner is thus described: "Just in the rear of said drug store and about three feet therefrom." We are referred to authorities holding that a deed to a house covers all the land within the eaves of the house, but that is not the question here. These deeds call for a corner at about a certain distance from the house, they also call for other corners which are to be taken into consideration in locating this corner. It will, therefore, be a question for the jury on all the evidence where the division line was in fact located in dividing the property.

Judgment reversed and cause remanded for a new trial.