## Quick, Jr. v. Stanley.

(Decided December 14, 1926.)

### Appeal from Kenton Circuit Court.

1. New Trial—Defendant Not Using Diligence Held Not Entitled to New Trial for Newly Discovered Evidence.—New trial, for newly discovered evidence of physician treating plaintiff, material to question of damages, in action for damages for assault, held properly refused, where defendant failed to act with due diligence in calling physician after notice of his knowledge by plaintiff's testimony.

2. New Trial—Parties Cannot Speculate on Outcome of Trial by Postponing Investigation Until After Verdict.—Parties are not permitted to speculate with trial and accept verdict, if satisfactory, or reopen, if on later investigation they think different result may be obtained.

SAMUEL W. ADAMS for appellant.

RAY R. ROGERS and E. R. RIVARD for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

Catherine Stanley sued her divorced husband, Clarence E. Quick, for assault and battery. On a trial she was awarded $800.00 damages and the defendant appeals.

It appears from the evidence that prior to the divorce, Mr. and Mrs. Quick occupied a third story flat and that Mr. Quick's parents lived in a flat on the second floor. Mrs. Quick was ill for a time and the young people occupied a room in his father's flat. In the divorce proceedings Mrs. Quick was awarded her household goods and on the morning of the injury took a truck and some assistants to her former home for the purpose of removing her effects. Not finding all of them on the third floor she went down to the second. The evidence as to what there occurred is conflicting. She was invited into the reception hall by her former mother-in-law and according to her testimony she was told that her husband was away and that she could go into the room she formerly occupied and see if she had anything there; that she entered the room and found her husband sitting on the bed lacing his shoes. Her pillows and mattresses were on the bed but he would not let her have them and after arising abused, struck and choked her and violently thrust her

from the room. She returned to her mother's home quite nervous though she later recovered her property. Dr. Menifee visited her for a day or two and she was in bed for about eight days, at that time. Her evidence as to what occurred at the Quick home is corroborated by the parties who accompanied her. Her mother testifies that she returned home very nervous and was confined to her bed for six or eight weeks.

Dr. Menefee was not introduced or subpoenaed as a witness. The defendant and his mother testify that defendant had just arisen and was sitting on the bed in his pajamas at the time she entered the bedroom; that she was quite abusive and undertook to tear the things from the bed and that defendant merely restrained her and put her out of the room without hurting her. His father saw part of the difficulty and his testimony corroborates the above.

The sole ground of reversal urged is that the court erred in refusing to grant a new trial on the ground of newly discovered evidence. On the hearing of this motion defendant introduced Dr. Menefee as a witness. The latter testified that he was called in to see the plaintiff the day of the injury; that she was quite nervous but he observed no physical injuries and did not consider her seriously ill; that he administered sedatives and did not repeat his call. This occurred on the 7th of April; that he was called about two months later and treated her for several weeks during which she was confined to bed, but that the latter malady was due to an infection from an injury for which he had treated her six months before and had no connection whatever with the alleged assault. Defendant also filed his own affidavit to the effect that he did not know any physician had waited upon plaintiff until the introduction of her testimony and had no opportunity to learn what Dr. Menefee would state until after the trial.

It may be admitted that Dr. Menefee's evidence was material and might have had much weight with the jury on the question of damages, but it does not appear that defendant acted with due diligence. It is shown that the doctor lived within a few blocks of the courthouse and plaintiff's testimony gave defendant notice of his knowledge of the injuries. No doubt, under the circumstances, the court, if asked, would have issued a subpoena for the immediate appearance of Dr. Menefee at the trial and

have given defendant a reasonable opportunity to produce him. But he chose to take his chances with the evidence he had and to make an investigation later. Parties are not permitted thus to speculate with a trial and accept the verdict if satisfactory or reopen it if upon later investigation they think a different result may be obtained. Fleet v. Hollenkemp, 13 B. M. 220; Mason v. Mason, 5 Bush 187; Ferry's Admr. v. Lou. Ry. Co., 165 Ky. 747; L. & N. R. R. Co. v. Ueltchi's Exors., 126 Ky. 557.

Wherefore, percieving no error, the judgment is affirmed.