## Ashley v. Harris.

(Decided October 30, 1931.)

G. W. PENDERGRASS for appellant.

S. P. STAMPER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

On May 7, 1929, J. F. Harris, by his agent, executed and delivered to F. M. Ashley a written instrument, whereby he sold and agreed to convey to him "a tract of land in Lee county, Kentucky, on Blaine's Branch, and being the unsold land of Harris, at $25.00 per acre to be measured or guessed off and 14 acres adjoining same at $35.00 per acre, deed to be made in thirty days."

Ashley on that day paid in cash, $200 of the purchase price. Subsequently, on September 1, 1927, Harris executed and delivered a deed conveying the land to him, he paying of the consideration the further sum of $2,500. The parties to the title bond having failed to agree on the acreage of the larger tract of land, on the 17th day of April, 1928, Harris caused a survey to be made of it, when it was found to contain 121.2 acres, not including

a hill tract of 11.2 acres, and also not including the 14 acres mentioned in the title bond. According to the survey and per the terms of the title bond, the larger tract, including the 11.2 acres, at the agreed price of $25 per acre, amounted to $3,310.00, which when added to the agreed price of the 14 acres at $35 per acre, totaled $3,800.00. Deducting from this amount the $2,700 theretofore paid by Ashley, left a balance of $1,125. On September 27, 1928, Harris instituted in the Lee circuit court an action against Ashley to recover of him the $1,125 alleged to be due by virtue of the title bond according to the survey of the larger tract of land, and to enforce a lien thereon to pay it.

In his petition, this allegation was made:

"Through his agent, S. P. Stamper, and the said Stamper for and in his behalf executed and delivered to the defendant a title bond for said land, which writing is in the possession of the defendant and the terms of said writing was that defendant was to pay the plaintiff the sum of $25 per acre. If the same could not be agreed upon between the parties without a survey, the said Stamper was to have the land surveyed and the defendant was to pay for same according to said survey at the price of $25 per acre, except 14 acres guessed off at the mouth of Robinson Hollow, which was to be paid for by defendant at the price of $35 per acre."

In the answer of Ashley, this denial is found:

"Denies that the plaintiff, through his agent, S. P. Stamper, sold two tracts of land described in the petition to this defendant and for and on behalf of his agent executed or delivered to this defendant a title bond to said land, or that said alleged title bond or writing is in the possession of defendant, or that by the terms of said alleged writing the defendant was to pay the plaintiff the sum of $25 per acre for said land, if same could not be agreed upon by the parties without a survey, that the said S. P. stamper was to have said land surveyed, or that defendant was to pay for same according to said survey at the price of $25 per acre, or any sum or amount, except 14 acres guessed off at the mouth of Robinson Hollow, which was to be paid for by the defendant at the price of $35 per acre."

Issues were made up, evidence was taken, and, on submission, a judgment was rendered for Harris, sustaining the allegations of his pleading, and a judgment was rendered for the sum of $1,125, interest and costs, with a lien on the land involved.

In May, 1929, the appellant, Ashley, under Section 518 Civil Code of Practice, filed a petition for a new trial. In his petition he copied the petition in the original action, his answer, the reply thereto, the judgment of the court, and further alleged that since the rendition of the judgment he had discovered new evidence, to wit: the original contract between him and appellee. His allegation in this respect is, "the plaintiff did not discover same (the written contract) or have information that it had been discovered until the 25th day of December 1929, when he was informed by his attorney that same had been discovered within less than five days previous to the date the information was disclosed to him."

The rule governing applications for a new trial upon the ground of newly discovered evidence, in so far as it applies in this case, is "that the party must be vigilant in preparing his case for trial; that the new facts were discovered after the trial and would be important; that the evidence discovered will tend to prove facts which were not directly in issue on the trial, or were not then known or investigated by the proof, and that the new evidence is not merely cumulative." Price's Adm'r v. Thompson, 84 Ky. 219, 1 S. W. 408, 8 Ky. Law Rep. 201; Cahill v. Mullins, 101 S. W. 336, 31 Ky. Law Rep. 72; Illinois Cent. R. Co. v. Wilson, 103 S. W. 364, 31 Ky. Law Rep. 789. The execution and delivery of the written contract and its terms and conditions, now alleged to be newly discovered evidence, were directly in issue, and made so by the pleadings of the parties. The theory of appellee was necessarily sustained by the evidence which is manifested by the judgment; otherwise the judgment in his favor would not have been rendered. Even if a new trial were to be granted to the appellant, the writing would sustain the allegations of the appellee's petition in the original action, and disprove appellant's denial thereof. There is no allegation in the petition for a new trial showing, or tending to show, a compliance with the rule applicable in such cases as we have stated it above. If a new trial were to be granted and the contract read as evidence, it would be merely cumulative, and cumulative evidence is not sufficient to authorize a new trial. Allen v. Perry, 6 Bush, 85. If both

appellant and appellee testified to sustain the allegations of their respective pleading as to the contents oɪ tue original contract, its admission on a new trial would corroborate the one and discredit the other. A new trial will not be granted merely to discredit or impeach a witness or a party. Louisville & N. R. Co. v. Ueltschi, 126 Ky. 556, 104 S. W. 320, 31 Ky. Law Rep. 931. The admission of the written contract as evidence, instead of producing a different result, it is reasonably certain that, with its admission as evidence, the court would be required, according to it, to render the identical judgment which was entered in the action in which the new trial is now sought. Reid v. Craig, 204 Ky. 151, 263 S. W. 678.

Perceiving no error, the judgment is affirmed.