## Luck v. City of Covington.

(Decided May 2, 1933.)

(Criminal, Common Law and Equity Division).

CHARLTON B. THOMPSON for appellant.

SAMUEL W. ADAMS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

Mrs. Minnie Luck owns a house and lot on a corner of Bush and Greenup streets in the city of Covington. The house is very old, but a well-built substantial two-story brick structure. In the summer and

fall of 1931, a portion of the foundation of this building settled to such an extent as to cause large cracks in the outer walls and injury to the interior of the building.

Mrs. Luck instituted this action against the city to recover for the damage to her building, alleging that leaks from pipes or mains in the city water system had saturated the soil around and under the foundation walls causing them to settle. It was alleged in the petition that the leaks causing the damage were from 4-inch water pipes under Bush street or from connections with it.

By pleading and proof it is shown that there is a 4-inch water pipe laid along Bush street which connects with a 10-inch main under the west side of Greenup street. This 4-inch pipe crosses but is not connected with a 20-inch water main under the north-bound tracks of the city railroad along the east side of Greenup street.

The city denied the material allegations of the petition, and, on the issues thus made, trial before a jury resulted in a verdict and judgment for the city. In due time, plaintiff filed motion and grounds for new trial alleging error in instructions and admission of incompetent evidence, but later and before this motion was passed upon, filed additional grounds supported by affidavits. By the additional grounds and affidavits, it is made to appear that after the verdict Mrs. Luck employed contractors to underpin and shore the foundation walls, and, in making the excavations preparatory to carrying out the contract, a trench 6 feet wide and at least the same depth was dug. This excavation extended about 35 feet from the northwest corner of the building and along the north wall and about 10 feet from that corner along the west wall. The soil was found to be dry to a depth of about 2 feet below the surface, and from a depth of about 3 feet to the bottom of the excavation it was saturated with water the entire width of the excavation, and eastwardly for 12 or 15 feet much of it was very wet and muddy.

On April 3 a motion and grounds for new trial were overruled, and on April 25 plaintiff, pursuant to notice, filed motion to reconsider and set aside the order overruling motion and grounds for a new trial and

to grant her leave to file further additional grounds supported by affidavits and also a second amended petition.

On May 2 the motion to file further additional grounds and affidavitis was sustained, but the motion to reconsider and set aside the order of April 13, overruling the motion and grounds for a new trial, was continued from time to time until May 23, when it was submitted upon the motion, and thereafter on June 1, the following order was entered:

> "The offer of plaintiff to file an amended petition is overruled, to which plaintiff excepts and same is made part of the record. The motion and additional grounds for new trial are overruled to which plaintiff excepts and prays for an appeal to the Court of Appeals which is granted."

In prosecuting this appeal, appellant, according to brief filed by her counsel, is only calling in question the correctness of the court's order of June 1.

By additional grounds for new trial and supporting affidavits filed on April 25, it is made to appear that on April 13 water was discovered spurting up through the surface at the intersection of Bush and Greenup streets. The city authorities were notified, and an excavation was made to find the leak from which the water was flowing. This excavation uncovered a T in the 20-inch pipe where the 4-inch water line along Bush street crosses it. A 6-inch opening in this T pointed eastward, from which a dead-end plug had been blown by the pressure of the water in the main. There was also evidence that a reducer and valve had formerly been connected with the T, but there had been a break and the dead-end plug had been leaded into this T to prevent the escape of water from the pipe. From affidavits of those experienced in such matters, it is made to appear that the reducer, etc., connected with this T, had not been properly or sufficiently anchored to prevent vibration; that, after it had been broken, the dead-end plug had not been properly strapped and fastened; that any leak around the plug would tend to increase the pressure and flow of the water and finally cause the plug to blow entirely out.

After this water was discovered coming through the surface of the street, witnesses made observation

in the cellar of appellant's building and found water flowing through its foundation walls and standing to a depth of 2 or 3 inches in the cellar, but, after the water in the main had been shut off, the flow through the walls ceased.

In making final disposition of the case, the chancellor delivered an opinion in which among other things it is said:

"The alleged newly discovered evidence does not support the allegations of the original petition that plaintiff's injuries were caused by a leak in defendant's water mains in Bush street, but attempts to establish that said leak came from main in Greenup street. The affidavits show that since the trial of this case and since the motion and grounds for a new trial were overruled, that there has been a great leak and flow of water from Greenup street main that also flowed into plaintiff's cellar. I know of no authority to grant a new trial because plaintiff may have shown that she has a cause of action against defendant upon a different state of facts than those sued upon. Neither do I know of any authority to permit an amendment to be filed after trial to conform to evidence offered in support of same."

Counsel for appellee vigorously contends that, since the Kenton circuit court is a court of continuous session, the court lost control of the judgment at the expiration of 60 days after it was entered unless suspended by a motion and grounds for new trial; that, while motion and grounds for new trial suspends a judgment until disposed of, a motion to set aside an order overruling motion for new trial does not have the same effect; that, since the motion and grounds for new trial were overruled, the motion to set aside the order overruling it did not extend the time in which the judgment would become final, and the court therefore lost complete control of the judgment at the expiration of 60 days. However, as we view the matter, it is unnecessary to enter into a consideration of those questions, since the decision of the appeal may be rested entirely upon the showing of newly discovered evidence made in additional grounds for new trial and supporting affidavits. Even though there be a showing of evidence discovered after a trial of such a de-

cisive character as would necessarily have a determining effect with a jury, a new trial should not be granted in the absence of a further showing that the complaining parties could not have discovered such evidence by the exercise of proper diligence. Nisbit v. Wells, 76 S. W. 120, 25 Ky. Law Rep. 511; Olds Motor Works v. Shaffer, 145 Ky. 616, 140 S. W. 1047, 37 L. R. A. (N. S.) 560, Ann. Cas. 1913B, 689; Quick v. Stanley, 217 Ky. 176, 289 S. W. 224; Johnson v. Johnson, 225 Ky. 320, 8 S. W. (2d) 414; Ray v. Ray, 196 Ky. 579, 245 S. W. 287.

From the evidence as to the settling of the foundation of appellant's building and the affidavits supporting the additional grounds for new trial, it is apparent that the damage to the building was due to leaks from appellee's water pipes, but appellant contented herself by going to trial and merely showing some leaks in the Bush street pipe and damage to her building with an opinion or speculative evidence as to whether the leaking water caused the damage.

The facts constituting the alleged newly discovered evidence were within easy reach before her case went to trial, and, had she used the same diligence prior to that time that she used afterward and caused the soil around the foundation to be excavated, she could have shown by proof of a decisive nature that the damage was caused by water leaking from appellee's pipes.

The policy of the law is to determine causes with all expedition consistent with orderly procedure and justice, and parties should not be encouraged to speculate on the outcome of a trial by postponing investigation until after a verdict has been reached and then urge as grounds for another trial evidence which at all times had been within easy reach and could have been discovered by the exercise of due diligence. Maynard v. Boram, 180 Ky. 392, 202 S. W. 863; Quick v. Stanley, supra.

A motion for a new trial is a matter addressed to the sound discretion of the trial judge, which, however, must be judicially and not arbitrarily exercised. Steinke v. North Vernon Lumber Co., 190 Ky. 231, 227 S. W. 274; Clark v. Pullman Co., 205 Ky. 336, 265 S. W. 820. The trial court might have rested the order appealed from entirely on the ground indicated without abuse of

discretion. This conclusion renders discussion of other grounds unnecessary.

Judgment affirmed.