## Campbell et al. v. Chriswell et al.

(Decided Dec. 1, 1936.)

(As Modified on Denial of Rehearing March 16, 1937.)

E. BERTRAM and DUNCAN & DUNCAN for appellants.

H. C. KENNEDY, J. M. KENNEDY and J. C. DAVIS for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

594

The appellants, J. D. Campbell and others, filed a petition in equity against the appellees, Bill Chriswell and others, asserting title to a certain 75 acres of land, and alleging that the defendants were claiming it and casting a cloud upon their title. They also alleged that the defendants had forcibly entered upon the land and were preparing to take possession of it and remove the timber. They prayed that their title be quieted, for damages, and an injunction restraining trespass.

The defendants denied plaintiffs' title, set up their own, which they asked should be quieted. They admitted entering upon the land, but denied it was without right.

It is recited in an order of the court that the parties respectively announced ready for trial, a jury was chosen, and the trial proceeded, resulting in a verdict for the defendants. The plaintiffs filed a motion and grounds for a new trial, but later withdrew it. The defendants moved for a judgment on the verdict in accordance with the prayer of their answer and counterclaim. The motion was sustained and judgment rendered accordingly. It is recited in the opinion of the court, which is made a part of the judgment, that the parties had agreed upon the whole case being submitted to the jury. After the verdict, the question arose whether it was binding upon the court or was merely advisory. The court was of opinion that it was decisive of legal issues rather than equitable, and was binding. The plaintiffs, as appellants, are contending that the verdict was simply advisory, and the chancellor should have rendered judgment in their favor notwithstanding.

Whatever may have been the right to have the issues submitted to a jury, the parties regarded and treated the case as an action in the nature of trespass to quiet title, or a suit in ejectment. So the court properly entered judgment in conformity with the verdict. Richardson v. Beard, 208 Ky. 23, 270 S. W. 459.

But the point is made by appellants that the suit was brought in equity, there was no motion by either party to transfer it to the ordinary docket, and no order expressly doing so. If the procedure be treated as a reference to the jury for an advisory verdict, since the evidence was conflicting on the issues, we cannot say

the chancellor should have disregarded it. Nor can we conclude that he should have, independently of the verdict, decided the case on the merits for the appellants.

Judgment affirmed.