### Chriswell et al. v. Campbell et al.

March 7, 1939.

As Modified on Denial of Rehearing May 9, 1939.

KENNEDY & KENNEDY, J. M. KENNEDY and J. C. DAVIS for appellants.

E. BERTRAM and DUNCAN & DUNCAN for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This action was instituted by the appellees under Section 344, as defined by subsection 7 of Section 340, Civil Code of Practice, for a new trial on the ground of newly discovered evidence, and to set aside the judgment rendered in the Wayne circuit court adjudging the appellants to be the owners of the certain 75 acre tract of land in controversy, and which judgment was on appeal affirmed by this court on December 1, 1936. Campbell et al. v. Chriswell et al., 267 Ky. 593, 102 S. W. (2d) 359.

The original action was brought on August 29, 1934, by the appellees, J. D. Campbell et al. against the defendants, Bill Chriswell et al. (here appellants), wherein by the petition they asserted title to this 75 acre tract of land in controversy and that the Chriswells were claiming it, thereby casting a cloud upon their title, which they prayed be quieted.

The defendants (the Chriswells) answered, denying plaintiffs' title thereto and by counterclaim set up title in themselves to the land, under and by virtue of themselves owning the patent to this 75 acre tract, which had been issued to Arthur Marcum in 1866, and prayed in turn that their title thereto be quieted.

The Campbells, claiming ownership to this 75 acres in dispute, alleged that it was embraced within the boundary of a 316 acre tract patented to Rollan Burnett in 1835, which they claimed to own.

For the determination of this issue, joined by the

pleadings, upon the ownership of this 75 acre tract, trial was had before a jury which resulted in a verdict for the defendant Chriswells, upon which judgment was accordingly entered, and which judgment was later upon appeal affirmed.

Following this, in May, 1937, the present action was filed in equity, seeking a new trial upon three grounds.

As the first of these grounds, the plaintiffs alleged that since the trial of said case and since the last term of the court at which the adverse judgment was rendered against them, they had discovered a survey of adjoining land, made in 1824 in the name of Christopher Huffaker, the calls of which clearly established, as a corner, a large white oak, claimed by plaintiffs in the former action as the beginning corner of their Rollan Burnett 316 acre survey, which was disputed and denied by defendants; that the final issue between plaintiffs and defendants in said former suit was whether or not the said white oak was the beginning corner of the Rollan Burnett 316 acre survey; and that, if said white oak (as so located) was the true beginning corner of said survey, then (they alleged) the 75 acre Marcum survey (in controversy) would be included in said Rollan Burnett survey, in that the Marcum survey was a junior survey to the Rollan Burnett (Campbells') 316 acre survey.

They state that they did not nor could not, at or before the time of the former trial, have known of the existence of the 50 acre Huffaker 1824 survey ''by the exercise of due or any diligence'' by reason of same never having been transferred and because the survey books of Wayne county had long since been destroyed by fire and there was no record of the survey in Wayne county; that, as shown by the fixed lines of this newly discovered Huffaker survey, the said 75 acre Marcum survey of 1866 lies wholly within the Burnett 316 acre survey of 1835, and also inside the Reuben Sloan ''inclusive survey'' of 1847, both of which surveys were owned by plaintiffs and both of which were senior surveys to the Marcum 75 acre survey, under which they both claimed title.

The petition further stated that, since the original trial in July, 1935, they had found that this 50 acre Huffaker survey of 1824, which lies on the opposite side

of their Rollan Burnett survey, calls for a common corner with it, which, by actual survey, was thus located as beginning at the large white oak corner, as the beginning corner of the said Burnett 316 acre survey, by reason of the lines running exactly to the corner called for on the opposite side of said survey. Further they alleged that they did not know that this newly discovered Huffaker survey called for such common corner until within the past few weeks and could not, "by the exercise of ordinary diligence," have discovered the fact that by its locating the corners of their adjoining tracts, they could thereby establish the corners of their land, embraced within the boundary of their Burnett 1935 patent, and that when so located, it included therein the 75 acre Marcum tract in dispute.

They further assert, as a second ground, the additional newly discovered evidence, upon which they also rely and base their right to a new trial, that they have discovered, since the trial of the original action in 1935, that some of the defendant Chriswells, who were the children and grandchildren of the aforesaid grantor, David Chriswell, and under whom they claim title to the 75 acre Marcum patent, then knew and had known for many years before that trial that their father and grandfather, David Chriswell, had (many years before his death) sold and deeded all his interest in the said Marcum survey to one Mathey Sloan, who was a grandfather of plaintiffs, and that he had made Sloan a title to said land and also had given him his old title papers thereto, including the original patent, but that Sloan had lost this Chriswell deed, before placing it to record, and that, although his grantor had agreed and was willing to issue him another deed for the land sold him, its preparation and execution were delayed and the grantor died without having executed it.

None of the defendant Chriswells, who it is alleged knew about this conveyance by their ancestor, testified on the trial in the original action and therefore these facts known by them were not disclosed and plaintiffs state that they had not learned of these facts until a short time before the institution of the present action.

The third and last ground on which they ask a new trial is that the judgment entered in the original action was for the entire 75 acres, in which was included an overlap of 25 acres, which the court upon the first trial,

or mistrial, peremptorily instructed the jury to find for the defendants.

To the petition seeking a new trial, upon these grounds as thus asserted and which appellants argue were insufficiently alleged, they demurred, insisting that it failed to state sufficient facts to legally satisfy the requirements of the code provision, supra, or so as to entitle them to a new trial.

Upon submission of the cause for judgment upon the demurrer, the court overruled it, when, the defendants declining to plead further, it adjudged that the judgment entered for the defendants in the original action be set aside, and that a new trial be awarded plaintiffs.

The defendants, assailing this ruling as erroneous, prayed and were granted an appeal, which is now before us.

A very careful reading and consideration of the petition and the grounds as therein pleaded, of newly discovered evidence which, regardless of their diligence, they could not sooner have discovered, has led us to conclude that this criticised ruling of the learned trial court, in overruling the demurrer, setting aside the judgment and awarding a new trial to appellees, was erroneous, in that the allegations of the petition, when considered particularly in respect to the diligence exercised by appellees in their belated discovery of this alleged important and decisive new evidence, were not legally sufficient to authorize the court's awarding appellees a new trial, here sought under the provisions of Section 344 of the Civil Code of Practice, as defined by subsection 7, section 340 thereof.

In view of our having reached this conclusion, we deem it unnecessary to here extend the opinion by discussing or passing upon the question of whether or not the newly discovered evidence, relating to the Christopher Huffaker survey, would be effective, as being of such unerring and decisive character, to locate by its calls and corners the beginning and other corners of the Burnett 316 acre survey as contended by appellees. Also, the petition does not set up or recite the calls and lines of this alleged newly discovered survey, so as to permit us to pass upon the question of their claimed effectiveness for the purpose claimed, or to establish that the 75 acre Marcum survey does in fact lie within the

boundary lines of the Burnett survey owned by the appellees.

As to the second ground, urged by the Campbells, as plaintiffs below, we hold the same opinion, in that they take refuge in the rumor or legend, as it is termed, by appellants, that at some time in the years long gone by, an ancestor of the Chriswells, one David Chriswell, was the owner of this 75 acre Marcum patent and that he sold and conveyed it to an ancestor of the Campbells, one Mathey Sloan, under whom they claim title, and attempt to explain why the Campbells, including Sloan, when they were the owners of this senior and larger 316 acre Burnett patent, would have yet deemed it worthwhile to buy this patent from the Chriswells, when it was junior to theirs and which they claim lies entirely within the boundary lines of the Burnett patent.

But aside from the questions presented by such contentions of appellees as to the merit of these two grounds of newly discovered evidence, as being of such decisive character as to entitle them to a new trial, we will now, without deciding whether or not this survey or Chriswell deed was of such decisive character as satisfied the code requirement and entitled appellees to a new trial, consider what is the character or degree of diligence required to have been exercised to obtain and present such evidence at the first trial or as will excuse the failure to then present it and authorize a new trial upon its later discovery, defined by subsection 7, section 340, Civil Code of Practice, as being ''newly discovered evidence, material for the party applying, *which he could not, with reasonable diligence, have discovered and produced at the trial.''* (Italics ours.)

We are clearly of the opinion that, regardless of whether or not the probative value of this alleged newly discovered evidence measures up to the standard required, the allegations of their petition, seeking a new trial on such evidence, fails to show a proper exercise of diligence for its timely obtention or that they could not, by their earlier exercise of a reasonable diligence, have discovered and produced this evidence at the original trial, as the record and the maps filed by appellees upon the original trial show that these two alleged surveys, the Marcum patent and the Christopher Huffaker patent, both lie immediately within or adjoining the boundary of the 316 acre Burnett patent.

They say that this survey could not be found by them because the survey books of Wayne county had been destroyed by fire and were therefore not available to them, without explaining why, under such circumstances, recourse was not had to the register of survey and patents kept in the land office at Frankfort. However, it would appear that the same sources of information as to the Christopher Huffaker survey and the 50 acre survey and patent as those represented upon appellees' maps and as to the alleged earlier conveyance of Chriswell to Mathey Sloan of the Marcum patent were as available before the original trial of this cause in 1935 as they were after the rendition of the judgment against them, notwithstanding that their petition alleges that these evidential matters were only discovered after rendition of the judgment against them.

In the case of Holliday v. Tennis Coal Co., 264 Ky. 371, 94 S. W. (2d) 657, 660, the rule as to the granting of a new trial on the grounds of newly discovered evidence is thus stated:

"In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear: (1) That the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching. Woltering v. Weber's Adm'x, 253 Ky. 55, 68 S. W. (2d) 440; Ashley v. Harris, 240 Ky. 815, 43 S. W. (2d) 58 * * *; Price's Adm'r v. Thompson, 84 Ky. 219, 1 S. W. 408, 8 Ky. Law Rep. 201."

Continuing, the language of the opinion is that:

"The first question confronting us on this appeal is, conceding that the evidence upon which appellants rely for a new trial possessed the other requisites, could it have been discovered before the trial by the exercise of due diligence? If that question is answered in the affirmative, the judgment must be affirmed. Courts grant new trials upon the ground of newly discovered evidence with reluctance. Where a party has had his day in court and an opportunity to produce evidence which was available to him if due diligence had been exercised to dis-

cover it, he should not be allowed to relitigate the question in issue. Server v. McGahan, 256 Ky. 332, 76 S. W. (2d) 1; Woods v. Kentucky Traction & Terminal Co., 252 Ky. 78, 65 S. W. (2d) 961; Louisville & N. R. Co. v. Ueltschi's Adm'r, 126 Ky. 556, 104 S. W. 320, 31 Ky. Law Rep. 931.''

In Luck v. City of Covington, 248 Ky. 834, 60 S. W. (2d) 103, 104, it was said:

''The policy of the law is to determine causes with all expedition consistent with orderly procedure and justice, and parties should not be encouraged to speculate on the outcome of a trial by postponing investigation until after a verdict has been reached and then urge as grounds for another trial evidence which at all times had been within easy reach and could have been discovered by the exercise of due diligence. Maynard v. Boram, 180 Ky. 392, 202 S. W. 863; Quick v. Stanley, supra [217 Ky. 176, 289 S. W. 224].''

In Nelson v. Gregory, 262 Ky. 740, 91 S. W. (2d) 29, a new trial was sought on the ground of newly discovered evidence, which was an old patent covering the land in dispute which the plaintiff had discovered since the trial by searching the records. It was held that the evidence, upon which a new trial was sought, was available to appellant at the time of the trial if due diligence had been exercised. See, also, Asher v. Kentucky River Timber & Coal Co., 177 Ky. 774, 198 S. W. 205; Howton v. Roberts, 49 S. W. 340, 20 Ky. Law Rep. 1331; Meade v. Elkhorn Fuel Co., 194 Ky. 86, 238 S. W. 201.

The allegations of the petition or grounds upon which appellees ask a new trial not only fall short of meeting the requirements of the rule as above emphatically laid down, but rather the allegations are as to facts which themselves tend to show that appellees did not exercise any or reasonable diligence to learn of these matters before the original trial. In fact it appears that the appellees, or some of them, had at least themselves heard the neighborhood talk that some time in the years gone by David Chriswell, appellants' ancestor, had made a deed to one Mathey Sloan, their own ancestor, but such rumor was passed by unheeded nor was any diligence exercised to investigate its truth until after the judgment was rendered against them.

We are therefore led to conclude that it was here the duty of the appellees, upon learning and hearing talk of this old Huffaker survey and rumored Chriswell deed, to make timely investigation as to them and to search the available and proper records so as to produce this evidence, upon which they now rely, on the former trial, that they failed to do so and that they exercised no reasonable diligence to make timely discovery of it.

Further, such being the showing of the record, we are of the opinion that the trial court's judgment, in overruling appellants' demurrer to the petition, was erroneous and for such error its judgment is reversed and cause remanded with direction that the judgment be set aside with leave to amend.