## Campbell et al. v. Chriswell et al.

Nov. 6, 1940.

J. S. Sandusky, Judge.

E. Bertram, J. P. Harrison and Duncan & Duncan for appellants.

H. C. Kennedy, J. M. Kennedy and J. C. Davis for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

In Campbell v. Chriswell, 267 Ky. 593, 102 S. W. (2d) 359, we affirmed a judgment quieting title of the defendants, Chriswell and others, to a certain 75 acres of land in Wayne County. Thereafter the plaintiffs, Campbell and others, brought suit to set aside the judgment and grant them a new trial of the issues upon the ground of newly discovered evidence consisting of three items. One of them was that the plaintiffs had discovered an old survey of land in the name of Christopher Huffaker, dated in 1823, which established with certainty a beginning corner that had been disputed in the original action and which controlled the question of the boundary or situs of the parcel as a part of plaintiffs' large acreage, traceable back to several old patents. Plaintiffs claimed they could not have sooner discovered this survey because it had never been transferred and the survey books of Wayne County had long before been burned. Another item of new evidence was that since the trial plaintiffs had learned that some of the defendants, the children and grandchildren of David Chriswell, from whom they claimed title, knew and had known for many years that he had sold and deeded all his interest in the land to Mathey Sloan, plaintiffs' grandfather, and had surrendered to him all of his old title papers but that Sloan had lost the deed without having it recorded; and further that Chriswell had agreed to give Sloan another deed but had never done so. The third item of evidence was that the judgment for the 75 acres included an overlapping of 25 acres. The trial court overruled a demurrer to this petition and the defendants having declined to plead further a new trial was granted. We reversed that judgment. Because of the state of the record in relation to the decisive effect of the old Huffaker survey and also the legend as to the conveyance by defendants' grandfather to plaintiffs' grandfather, we refrained from passing upon that phase of the case; but held the petition for a new trial did not show that

due diligence had been exercised to discover the evidence sooner. The case was remanded with directions to set aside the judgment and permit the plaintiffs to amend. Chriswell v. Campbell, 278 Ky. 30, 127 S. W. (2d) 872.

The plaintiffs amended their petition by reasserting the allegations of the original and more elaborately setting forth the merits of their claim to title in order to show the effect of the Huffaker survey and more fully and particularly stating the circumstances of its discovery. They set up two additional grounds for a new trial. One of them was that they had discovered the fifth corner of one of the patents under which they claimed, namely, a beech tree properly marked, and another tree on the line bearing the letters ''R. B.'' and the date 1835, which is the date of that patent. The other ground was the discovery of the first and third corners of a certain Andrew Chriswell survey by which plaintiffs were able to fix the location of the tenth corner of the Burnett patent. The defendants moved to strike all the allegations of this amended petition not relating to the discovery of the evidence, and then by answer denied such discovery of the alleged effect of the new evidence and denied the exercise of due diligence. The defendant alleged affirmatively the chain of title from the Huffaker survey and patent as disclosed by certain wills and deeds, copies of which are filed, and pleaded that the plaintiffs, who were residents of the neighborhood, had been well acquainted with the present and former owners of all the land and that the families had intermarried with the Huffakers. The wills do not enable one to identify or locate this particular parcel, but it seems that the deeds beginning in 1905 refer specifically to the Huffaker 50-acre survey of December 26, 1923, and in part describe its lines. The court overruled the motion to strike from the petition, sustained defendants' demurrer to all of the petition as amended, excepting the part to which an answer had been filed, and then overruled plaintiffs' demurrer to that answer. The judgment recites that the case was submitted upon the motions and demurrer and ''for judgment.'' No question is raised on the appeal that the court did not give time for the plaintiffs to prove the allegations which were denied. All parties regard the judgment as having been upon the demurrer carried back to the petition and considered in connection with the answer.

In their brief, the appellants submit the following as the three questions to be considered:

"1. Were the appellants required, in the exercise of the measure of diligence imposed upon them by the law, either to search for or to discover for use in the original trial the Christopher Huffaker patent of 1825?

"2. Were they required to discover the beech corner standing at the end of the fifth line of the Roland Burnett patent and the marked line tree on the line between the fifth and sixth corners, the discovery of which is set out in that part of the amended petition found on page 7 of the transcript of record?

"3. Were they required to discover the location of the white oak corner called for at the tenth line of that patent?"

The map showing the several surveys and lines going to make up or establish the boundary of the 75-acre tract and the surrounding land presents an involved and difficult labyrinth of crossing and criss-crossing lines. There were several Huffaker surveys from which title to these tracts emanated. The particular parcel involved in this suit is not covered by the Huffaker survey of 1823, patented in 1825, nor does it adjoin or form any of the lines. But it is not far away. The description of the Huffaker survey changed the lines of the intervening tract and perhaps another, from those originally laid down, and established definitely a corner and the line of the 75-acre tract, proving it to be within the description of plaintiffs' land and not that of defendants. The circumstances under which the Huffaker survey was found are that in a matter entirely unrelated to this litigation, one of the plaintiffs had occasion to examine some old papers of a neighbor and found this survey among them. It is alleged in substance that before this time none of the plaintiffs knew of its existence. As pointed out in the first opinion in the case the plaintiffs might have obtained the same information or a description from the records of the land office in Frankfort. Ordinarily, it would not be natural or reasonable to look to the title papers of a disconnected tract of land, but in this case the title papers of some of plaintiffs' lands connected to that in dispute referred to

the Huffaker survey and patent, so that plaintiffs were put on notice of its issuance. Knowing that there was no local record they are charged with knowledge that the same information which they discovered from the original paper could have been found in Frankfort. We have examined the large map used on the original trial and observed that a part of the Huffaker survey of 1823 is shown thereon. Therefore, we are of opinion that the amendment to the petition was not so different as to change the conclusion reached on the first appeal that, waiving the question of materiality of the new evidence, the plaintiffs did not meet the requirements of due diligence to discover it before the trial of the case on its merits.

The other grounds for a new trial pleaded originally and found insufficient in the first opinion were not charged by the amended petition.

In reference to the other two new grounds set up in the amendment, it is merely alleged that though the plaintiffs had exercised reasonable diligence in their search for the corners and line trees and other monuments establishing the location of the adjoining survey they had not been able to find the marked trees as described above. These lines are on the side of a large survey opposite the parcel of land involved. It is further alleged that an earlier discovery could not have been made in the exercise of reasonable diligence. Standing alone the pleading is clearly not sufficient. If it be construed that the discovery of these monuments was made in re-running the lines after the discovery of the Huffaker survey above described, we get back to the first proposition.

We are of opinion that the trial court correctly adjudged plaintiffs had not shown a legal cause for a new trial.

Judgment affirmed.